STATE of Missouri, Plaintiff-Respondent,

v.

Marvin Thomas MARTIN, Defendant-Appellant.

No. 35073.

Missouri Court of Appeals,
St. Louis District,
Division One.

Feb. 19, 1974.

Charles W. Medley, Farmington, for defendant-appellant.

John C. Danforth, Atty. Gen., G. Michael O'Neal, William F. Arnet, Asst. Attys. Gen., Jefferson City, John W. Reid, II, Pros. Atty., Madison County, Fredericktown, for plaintiff-respondent.

DOWD, Chief Judge.

The defendant, Marvin Thomas Martin, was convicted by a jury of stealing over fifty dollars and was sentenced to five years imprisonment. Defendant has appealed.

Defendant raises two Points Relied On: (1) that the court committed reversible error in its opening statement to the jury panel that the defendant was charged under the Habitual Criminal Act; (2) that the evidence was insufficient to support a conviction that defendant aided and abetted in the offense of stealing.

The panel of twenty-four jurors was sworn. The court proceeded to make the following statement to the jury panel:

"Ladies and gentlemen, the case for trial today is one in which the State of Missouri charges Marvin Thomas Martin with stealing over $50.00 under what is known as the Habitual Criminal Act. * * *"

The defendant promptly moved for a mistrial and the court denied his motion. The jury of twelve persons was chosen from this panel. The defendant did not testify.

We shall deal first with the defendant's attack on the sufficiency of the evidence to support a conviction of aiding

and abetting in the offense of stealing. The jury could reasonably find that the defendant and another man, identified as Gregory Purnell, got out of an auto in front of Mr. Wengler's store and entered the store; that the defendant was purchasing some wine from Wengler when Wengler noticed Purnell emptying the safe in the rear of the store; that about $320.00 was taken from the safe; that Wengler was attempting to remove the money from Purnell's person when Purnell ran to the defendant; that the defendant said that Purnell was his brother and he thought he had "learned him better than to steal"; that the defendant grabbed Purnell and kicked and shoved him out the door; that Wengler told the defendant not to leave because he was calling the police; that defendant ran out the door grabbing the bottle of wine as he left; that the defendant left in the same auto as Purnell; and, that the police arrested the defendant when they stopped this auto and found money lying beside the road where that auto had been seen moments before the arrest. We believe this evidence is sufficient to make a submissible case against the defendant for aiding and abetting in the commission of the offense of stealing. State v. Haselhorst, 476 S.W.2d 543, 545 (Mo.1972).

We turn next to defendant's assertion of error in the court's statement that the defendant was charged under the Habitual Criminal Act.

 Proof of the commission of separate and distinct crimes is not admissible unless it has some legitimate tendency to directly establish the defendant's guilt of the charge for which he is on trial. Reference to other crimes unrelated to the case on trial violates a defendant's right to be tried for the offense with which he was charged. It has the misleading probative force of tending to prove one crime by proving another. This constitutes reversible error. See, State v. Lee, 486 S.W.2d 412, 414 (Mo.1972) and the cases there cited.

The prejudice to defendant which results from telling a jury panel that he is being tried under the Habitual Criminal Act is obvious. It informs the jury that the defendant has heretofore been convicted of one or more felonies. It implants in the minds of the jurors that the defendant has thus a propensity towards the commission of criminal offenses, and it will bias the jury against the defendant.

We, therefore, hold that the inadvertent reference to the Habitual Criminal Act was error and that the trial court abused its discretion in not granting defendant's motion for a mistrial. We reverse and remand for a new trial.

SIMEONE, WEIER and KELLY, JJ., concur.