STATE of Missouri, Respondent,

v.

Eddie BRUNSON, Appellant.

No. KCD 29024.

Missouri Court of Appeals, Kansas City District.

Oct. 31, 1977.

Clifford A. Cohen, Public Defender, Lee M. Nation, Asst. Public Defender, Kansas City, for appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, for respondent.

Before SHANGLER, P. J., and WELBORN and HIGGINS, Special Judges.

ANDREW JACKSON HIGGINS, Special Judge.

Appeal from conviction by a jury of burglary, second degree, and stealing. The questions are whether a mistrial should have been declared following mention by a witness that " * * * we have his record * * * "; and whether the court erred in allowing the prosecuting attorney to argue for conviction "on the basis of past convictions." Affirmed.

Appellant does not question the sufficiency of evidence to sustain his conviction. The record shows that a jury reasonably could find that on August 14, 1975, Eddie Brunson broke into the locked dwelling of Ruth E. Gibson, 6400 South Woodland, Kansas City, Missouri, with intent to steal, and took Mrs. Gibson's wedding ring without her consent and with intent permanently to deprive her of it. §§ 560.045, 560.110, 560.156, RSMo 1969.

During defendant's cross-examination of Detective Pete Edlund, the following occurred:

"Q  And is it your experience that a suspect, regardless of his guilt or innocence, is somewhat reluctant to involve friends and associates with the police?  A Not usually, unless they are arrested with him or the suspects with him.  Q And are they sometimes reluctant to volunteer information until they know what is going on?  A Yes, sir, sometimes.

"Q  Did you ask the defendant whether he had been accused of other crimes by the police?  A No, sir, I don't recall and, we have his record available to us.  Q Right.

"MR. STERLING:  May we approach the bench.  (WHEREUPON, the following proceedings were had in the presence BUT OUTSIDE THE HEARING OF THE JURY.)

"MR. STERLING:  Your Honor, at this time, I make a motion for a mistrial on the grounds of the last statement of the witness, due to the fact that he said that they have the records before them and that indicates that the defendant had a record. THE COURT: What was your question to him? MR. STERLING: Did you ask if the defendant had been accused of other crimes by the police? THE COURT: And his answer was? MR. STERLING: We have his records available to us.

"MR. WELCH:  Mr. Sterling elicited the very answer that he got.  There are records showing that they have the records showing that he has a record or there are records that he has no record.  MR. STERLING: I asked him about what the police had done in this particular case, not about what information he had available to him.

"THE COURT:  Now, are you asking for a mistrial, at this time?  MR. STERLING: That's right.  THE COURT: Are you asking for any other relief, just that?  MR. STERLING: In the alternative, I would ask that the jury be advised to disregard the last remark.  THE COURT: If there is a request for a mistrial, it's denied.  If you want me to, I'll tell the jury to disregard the answer or the question and the answer. Just, which, the answer? MR. STERLING: Just the answer. THE COURT: Very well.

"WHEREUPON, the following proceedings were had IN THE PRESENCE AND HEARING OF THE JURY.

"THE COURT: The jury will disregard the last answer of the witness, as not responsive to the question."

Appellant contends the court erred in its refusal to declare a mistrial asserting that Detective Edlund's answer constituted proof of separate and distinct crimes. See, e. g., *State v. Lee*, 486 S.W.2d 412 (Mo. 1972); *State v. Holbert*, 416 S.W.2d 129 (Mo.1967); *State v. Martin*, 506 S.W.2d 473 (Mo.App.1974).

The difficulty in this position is, as recognized by appellant, "that Detective Edlund made no direct reference to any particular crime," as in *State v. Lee* and *State v. Holbert*, supra. Nor did he brand defendant a prior offender as did the court in *State v. Martin*, supra. The reference to "record" in the foregoing context is ambiguous in that it could denote either presence or absence of a criminal past. A mistrial should be granted only when the incident is so grievous that its prejudicial effect can be removed in no other way, *State v. Camper*, 391 S.W.2d 926, 928 (Mo.1965); *State v. Johnson*, 504 S.W.2d 23 (Mo.1973); *State v. Duncan*, 499 S.W.2d 476 (Mo.1973). This is not such a case. The grant or refusal of a mistrial lies within the discretion of the trial court, *State v. Phelps*, 478 S.W.2d 304, 308 (Mo.1972); and the court granted defendant's alternative request and instructed the jury to disregard the unresponsive answer volunteered by Detective Edlund. Such action was not an abuse of the discretion accorded the trial court in such circumstances. See, e. g., *State v. Parker*, 476 S.W.2d 513, 515–516 (Mo.1972); *State v. Key*, 557 S.W.2d 696 (Mo.App.1977).

Defendant took the witness stand and, among other things, testified he had three prior convictions for burglary. Such convictions were mentioned further in defendant's closing argument. During the State's closing argument, the following occurred: " * * * I submit to you that the State has proved beyond a reasonable doubt that Eddie Brunson on August 14th, 1975—he said he was unemployed on the witness stand, remember him saying he was unemployed? He was out doing his business. That's his job. They go from house to house and burglarize houses.

"MR. STERLING: Objection. May we approach the bench. (WHEREUPON, the following proceedings were had in the presence BUT OUTSIDE THE HEARING OF THE JURY.) MR. STERLING: I'm going to ask for a mistrial. In the State's closing argument he suggested that the defendant is responsible for more than one burglary in the neighborhood. There has been testimony there was no other burglaries and it's improper. THE COURT: Overruled. Request denied. MR. STERLING: Your Honor, may the jury be instructed to disregard the last statement? THE COURT: No, I shall not. I overruled your objection. MR. STERLING: Right. Okay."

Defendant's objection was restated as Point 7 in his motion for new trial. Appellant for the first time now shifts his position to say of this incident that "the trial court erred in allowing the prosecuting attorney to argue * * * the fact of * * * prior convictions insofar as said argument was not directed toward * * * credibility but rather was an attempt to convict * * * on the basis of past convictions and thus deprived him of a fair trial."

The foregoing demonstrates that the error now asserted was not presented to the trial court. Accordingly, it was not preserved for review. *State v. Spencer*, 486 S.W.2d 433 (Mo.1972); *State v. Larkins*, 518 S.W.2d 131 (Mo.App.1974).

Appellant does not invoke, nor does it appear that Rule 27.20(c) should be invoked to prevent manifest injustice or miscarriage of justice on this account.

Judgment affirmed.

All concur.