STATE of Missouri,
Plaintiff-Respondent,

v.

Thomas LORA, Defendant-Appellant.

No. KCD 28970.

Missouri Court of Appeals,
Kansas City District.

Jan. 30, 1978.

Clifford A. Cohen, Public Defender, Kevin R. Locke, Assistant Public Defender, Kansas City, for defendant-appellant.

John D. Ashcroft, Atty. Gen., Philip M. Koppe, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Before SOMERVILLE, P. J., and DIXON and TURNAGE, JJ.

DIXON, Judge.

Defendant appeals his conviction for robbery in the first degree. Defendant raises two issues, that the evidence was insufficient and that the trial court erred in failing to declare a mistrial when defendant alleges the jurors heard a portion of the evidence concerning the application of the Second Offender Act.

Because sufficiency is raised, a statement of facts is required. Defendant and two

women visited the apartment of a John Morelanco, the victim, in the Wayne Miner Apartment complex in Kansas City. Morelanco had known defendant and his family for 15 to 20 years. The victim lived in apartment 607, defendant in apartment 609 in the same building. The group arrived at the victim's apartment at about 7:00 or 8:00 in the evening and spent the evening drinking and watching television. The women left just after 10:00, and defendant left shortly thereafter. Morelanco went to bed and was awakened sometime between midnight and 1:00 a. m. by a banging at his door. Morelanco answered the door and saw defendant who instructed Morelanco to "back up" into the apartment. Defendant was carrying a nickel plated gun. Defendant backed Morelanco into his bedroom which defendant began to ransack. Defendant forced the victim to remove the mattress from his bed. The victim normally kept money under his mattress; and on this particular evening, he had seventy dollars under the mattress which was exposed when the mattress was removed.

At this point the two men began scuffling over the gun, and the victim called for help. While the two men were struggling over the gun, defendant told the victim that he was going to shoot him. Soon thereafter, defendant's brother Raymond entered the apartment and inquired what was wrong. The victim replied that, "Your brother is robbing and misusing me." Defendant instructed his brother to restrain the victim in the front room, which Raymond accomplished by standing between the door and the victim. The victim sat in his living room for about fifteen minutes while defendant was searching through his bedroom, but then he knocked Raymond away from the front door and proceeded to contact the security officers at the apartment complex. When the victim and the security officers returned, the seventy dollars was missing.

Sharon Mitchell, who lived in the apartment directly below the victim's, testified that on the night in question she heard some scuffling in the apartment above her and that she heard Morelanco cry for help.

The principal thrust of the defendant's complaint with respect to the sufficiency of the evidence is that because there was no direct evidence of the taking of the money, the circumstantial evidence rule applies. Defendant argues that for the prosecution to meet its burden of proof all of the inferences from the circumstantial evidence must be consistent with each other and irreconcilable with any reasonable theory of defendant's innocence. Defendant relies upon *State v. Taylor*, 324 S.W.2d 643 (Mo.1959) and *State v. Sallee*, 436 S.W.2d 246 (Mo.1969). These cases indeed state the rule of circumstantial evidence in the form set forth above and relied upon by the defendant. Later cases have defined more narrowly the application of the circumstantial evidence rule. The rule requiring that all inferences must be consistent with each other and irreconcilable with any reasonable theory of defendant's innocence has been limited to situations where the entire proof of defendant's participation in the crime is circumstantial. *State v. McClure*, 504 S.W.2d 664 (Mo.App.1974); *State v. Johnson*, 533 S.W.2d 629 (Mo.App.1976). The statement of the facts recited indicates that the victim was familiar with the defendant, that the victim kept money under his mattress, and that the defendant forced the victim to remove the mattress, and the money was exposed. The defendant had threatened the victim with a pistol, and the defendant's brother restrained the victim while the defendant searched the bedroom. When the victim returned to his apartment immediately after these events, his money was missing. The circumstances set forth above indicate clearly that a reasonable inference arises that the defendant obtained the money while his brother detained the victim in the adjoining room. The defendant himself admits in his brief that the State's case was only "partially circumstantial." It is not essential that a victim be aware of the robbery or the taking providing force is used to render the victim unaware of the taking. *State v. Williams*, 548 S.W.2d 227 (Mo.App.1977).

*State v. Hampton*, 509 S.W.2d 139 (Mo. App.1974), is squarely in point. In that case, there was no direct testimony that the defendant had taken money from the cash drawer of the store which had been robbed. The court pointed out that the evidence established money was in the cash drawer before the incident, that the defendant was seen near the cash drawer, that the defendant was armed and appeared to intend to take the money, and that the drawer was found empty a half hour after the incident. The *Hampton* court held this was sufficient to support the jury verdict of guilty. Comparing the record in the instant case with the evidence and ruling in *Hampton* makes it obvious the evidence is sufficient to support the verdict in this case.

■ The second point of the defendant is that the trial court erred in failing to declare a mistrial after two members of the jury entered the courtroom during the Second Offender Act hearing. Defendant relies upon *State v. Martin*, 506 S.W.2d 473 (Mo.App.1974). In *Martin*, the judge inadvertently *informed* the entire jury of the defendant's prior convictions, and the court, on appeal, reversed. In *Martin*, it was abundantly clear that the jury became aware of the prior convictions. In the instant case, with respect to the claim of the defendant, the court, aware of the potential for a claim of error and of the necessity for recording the event, made the following statement at the time the incident occurred:

"THE COURT: Well, for the record, the Court noted two jurors, accompanied by the bailiff, merely stuck their heads in the door, came in the door merely for enough time to pick up their hats from the rack which is right by the door. And they were not at all in the courtroom except right by the door, and that just a matter of seconds, and there's nothing to indicate that the jurors were aware at all as to what was transpiring. I don't feel that there is any prejudice in the case due to that interruption."

It is clear from the court's statement that the court found that the jurors did not obtain information concerning the defendant's prior convictions. In the face of that finding, the assertion of counsel, that the jurors knew of the defendant's prior conviction, does not prove itself. *State v. Dowe*, 432 S.W.2d 272, 275 (Mo.1968). The denial of a motion for a mistrial is a discretionary ruling. *State v. Heather*, 498 S.W.2d 300 (Mo.App.1973). The rule in *Anderson v. Robertson*, 402 S.W.2d 589 (Mo.App.1966) that a discretionary ruling is presumed to be correct and the burden of showing abuse is cast upon appellant applies to criminal cases. *State v. Edmonds*, 468 S.W.2d 685 (Mo.App.1971). Upon the basis of the court's specific finding that the jurors did not obtain information concerning the defendant's prior conviction, the defendant has failed to show an abuse of discretion by the trial court in overruling the motion for a mistrial.

Judgment and conviction affirmed.

All concur.