STATE of Missouri, Respondent,

v.

Larry HARRIS, Appellant.

No. 43146.

Missouri Court of Appeals,
Eastern District,
Division Three.

Sept. 22, 1981.

Motion for Rehearing and/or Transfer to Supreme Court Denied Nov. 20, 1981.

Application to Transfer Denied
Jan. 18, 1982.

William J. Shaw, Public Defender, Lauren Weisfeld, Asst. Public Defender, Clayton, for appellant.

John Ashcroft, Atty. Gen., Paul Robert Otto, Kristie Green, Madeleine O. Birmingham, Asst. Attys. Gen., Jefferson City, George R. Westfall, Pros. Atty., Clayton, for respondent.

CLEMENS, Senior Judge.

A jury found defendant Larry Harris guilty of stealing by deceit three telephones worth over $150. This is a class C felony, § 570.030 RSMo. 1978. The trial court sentenced defendant as a persistent offender to three years in prison. He appeals; we reverse and remand.

Defendant's primary point is that the court erred in denying his motion to suppress identification evidence. This, on the asserted ground of no probable cause for his arrest. He relies on *State v. Howell*, 524 S.W.2d 11 (Mo. banc 1975). That case ruled a defendant is entitled to have seized property suppressed when the seizure was without probable cause. Because there was probable cause here we hold that case is not in point.

■ In his challenge to the sufficiency of the evidence defendant relies on claimed weakness in the testimony of the investigating police officer. That side-steps the incriminating testimony of Ms. Cindy Wahl, a Southwestern Bell office employee in Ferguson. She testified that on January 10,

1980 a man representing himself as a customer bought and charged three extension phones.[1] The next day Ms. Wahl reported to Ferguson police that the "customer" was an imposter. She gave a detailed description of him. Two days later Ferguson police officer Eugene Czarnecki showed Ms. Wahl five photos; she promptly picked defendant's.

We hold defendant's arrest without a warrant was based on probable cause. Compare *State v. Olds*, 603 S.W.2d 501[1–3] (Mo. banc 1980), where the court ruled: "Probable cause for an arrest without a warrant exists where the facts and circumstances within the arresting officers' knowledge and of which they have reasonably trustworthy information are sufficient in themselves to warrant a man of reasonable caution in a belief that an offense has been or is being committed, . . . ; and that the person arrested is guilty of that offense."

■ Defendant also claims error in admitting his incriminating statement to Ferguson police. This, on the ground he was questioned before arrest without probable cause. The record refutes this. As we have held, there was probable cause to arrest, and the incriminating statement was made voluntarily after that.

We deny defendant's challenge to sufficiency of the evidence.

By defendant's other point he contends the trial court erred in denying a mistrial. This is based on the prosecutor's opening statement about another crime.

Before trial the court had granted defendant's motion in limine. Its order barred the prosecutor from referring to the incidents between defendant and other telephone branches; the prosecutor agreed, saying the state had no intention of doing so.

However, in the state's opening statement, after telling of defendant's dealings with Ms. Wahl, the prosecutor said: "It wasn't until the next day that Cindy Wahl

---

1. Defendant gave the name, address and phone number of a phone subscriber with the same name as his, and then showed his own driver's license and social security card; the scheme worked.

was contacted by a supervisor from the Northwest Plaza store. At that time the supervisor told her there was a person named Larry Harris *who had been placing fraudulent phone* applications . . ." (Our emphasis.)

Defense counsel promptly asked for a mistrial. The court denied it. Later, the court denied defendant a new trial on that point. He has squarely raised the point here.

We recognize a trial court has a broad discretion in ruling on a motion for mistrial. However, we must decide whether that discretion was abused.

In the oft-cited case of *State v. Jones*, 306 Mo. 437, 268 S.W. 83[7–9] (1924), the court reversed a conviction because of the prosecutor's improper comments about another crime, holding: "The practice of seeking to obtain an advantage in a trial of a case by injecting therein unfair insinuations should have the severest condemnation and suffer the most disastrous result permissible under the law." For other cases where convictions were reversed for a prosecutor's reference to other crimes by defendant see *State v. Martin*, 506 S.W.2d 473[2, 3] (Mo.App.1974), *State v. Lee*, 486 S.W.2d 412[3, 4] (Mo.1972), and *State v. Holbert*, 416 S.W.2d 129[2–6] (Mo.1967).

We hold the prosecutor clearly violated this principle and the trial court erred in denying defendant's motion for a mistrial.

Reversed and remanded.

CRIST, P. J., and PUDLOWSKI and SNYDER, JJ., concur.