**STATE of Missouri,
Plaintiff-Respondent,**

v.

**Kirby ABRAM, Defendant-Appellant.**

No. 43941.

Missouri Court of Appeals,
Eastern District,
Division Three.

March 30, 1982.

Nick A. Zotos, St. Louis, for defendant-appellant.

John Ashcroft, Atty. Gen., Kelly Klopfenstein, Jefferson City, for plaintiff-respondent.

SNYDER, Judge.

This is an appeal from a conviction for first degree robbery, § 569.020, RSMo. 1978. Appellant was found guilty by a jury and sentenced by the court as a persistent offender to serve an extended term of 25 years in the custody of the Missouri Department of Corrections.

Appellant asserts the trial court erred in denying appellant's motion to suppress identification testimony because appellant's counsel on another charge was not present at a pre-indictment line-up where the defendant was identified by the victim. Appellant also contends the trial court erred in admitting Detective Tom Oppelt's testimony concerning the identification witness' conduct at the line-up because the testimony was hearsay. Neither point has merit. The judgment is affirmed.

On February 11, 1980 Ethel Smith was working at a Swiftway store in Brentwood, Missouri. At about 9:00 p. m. a man, who Ms. Smith later identified as appellant, entered the store, pulled a gun from his waistband and demanded money. Ms. Smith gave the gunman cash and blank American Express money orders.

The St. Louis City police arrested appellant on February 21, 1980 when he attempted to cash one of the stolen money orders. Appellant was taken to the St. Louis City fourth district police station. At the fourth district station Officer John Cowser, who was not involved in the arrest, recognized appellant as the defendant in an unrelated robbery charge that had resulted in two mistrials. The other robbery charge was scheduled for retrial the following Monday. Officer Cowser knew who appellant's counsel was on the unrelated robbery charge. According to appellant, Officer Cowser suggested to the arresting officers that they put appellant in a line-up although Officer Cowser denied this.

The arresting officers arranged for Ms. Smith to view a line-up of several men, including appellant. Ms. Smith identified appellant as the robber. She also made an in-court identification of appellant. No one informed appellant's attorney for the unrelated robbery charge about the line-up, and no other attorney representing appellant was present at the line-up. A grand jury handed down an indictment against appellant on June 27, 1980 for first degree robbery of the Swiftway store.

Officer Tom Oppelt of the Brentwood Police Department was present when Ms. Smith viewed the line-up. Officer Oppelt testified, over appellant's hearsay objection, that when she first viewed the line-up through the viewing windows Ms. Smith was startled and fell back against him. The officer said he then explained to Ms. Smith that the window was a one way window.

Appellant asserts the trial court erred in denying appellant's motion to suppress Ms. Smith's identification testimony. Appellant argues the police knew appellant had an attorney for an unrelated robbery charge and chose not to notify appellant's counsel of the planned line-up. Thus, according to appellant, the line-up violated appellant's Sixth Amendment right to counsel under *United States v. Wade*, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967); *Gilbert v. California*, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1967). Appellant makes no claim that a violation of his due process rights occurred. The point is denied.

■ A post-information or post-indictment out of court line-up identification must be excluded per se if the accused counsel is not present. The absence of counsel violates an accused's Sixth Amend-

ment right to counsel. *Gilbert v. California*, 388 U.S. 263, 273, 87 S.Ct. 1951, 1957, 18 L.Ed.2d 1178 (1967); *Kirby v. Illinois*, 406 U.S. 682, 683, 92 S.Ct. 1877, 1879, 32 L.Ed.2d 411 (1972); *Morris v. State*, 532 S.W.2d 455, 456–458 (Mo. banc 1976).

■ The right to counsel does not attach, however, until formal proceedings are commenced against an accused through indictment or information. *State v. Quinn*, 594 S.W.2d 599, 604[10] (Mo. banc 1980); *Morris v. State, supra.* The fact that an accused's right to counsel has attached in one charge does not affect when the right to counsel attaches in a separate charge. *State v. Montgomery*, 596 S.W.2d 735, 737[1] (Mo.App.1980); *State v. Mason*, 588 S.W.2d 731, 735[3, 4] (Mo.App.1979).

■ Nothing that the police did or failed to do at the line-up could have violated appellant's Sixth Amendment right to counsel because the right had not attached at that time. The fact that appellant's right to counsel had attached in an unrelated charge is irrelevant. The fact that the officers knew who appellant's counsel was in the other charge is irrelevant.

The police cannot violate a constitutional right that has not yet attached. Because the line-up identification did not violate appellant's right to counsel the trial court did not err in denying appellant's motion to suppress. His first point is ruled against appellant.

■ Appellant's other point charges trial court error in admitting Officer Oppelt's testimony concerning Ms. Smith's startled reaction when she first viewed the line-up. Appellant argues that such testimony is inadmissible self serving "conduct hearsay" designed to bolster Ms. Smith's identification. Hearsay testimony designed to bolster an identification is inadmissible unless the identification witness has first been impeached by prior inconsistent statements. *State v. Degraffenreid*, 477 S.W.2d 57, 63–

64 (Mo. banc 1972); *State v. Fleming*, 354 Mo. 31, 188 S.W.2d 12, 16[9, 10] (1945).

■ Hearsay evidence is generally defined as testimony in court of an assertion made out of court, the assertion being offered to prove the truth of the matter asserted. *State v. Harris*, 571 S.W.2d 443, 446[4, 5] (Mo.App.1978). Ms. Smith intended no assertion when she acted startled upon first viewing the line-up. Officer Oppelt's testimony about Ms. Smith's non-assertive conduct therefore is not inadmissible hearsay under this definition.

It has been argued, though, that non-assertive conduct designed to show the actor believed a certain matter to be true, and admitted for the purpose of proving the truth of the actor's belief, should be considered hearsay. The testimony is claimed to be hearsay because the belief cannot be challenged by cross-examination, the person who acquired the belief not being on the stand. McCormick, Evidence, § 250 (2d Cleary ed. 1972); 5 Wigmore, Evidence, § 1362 n. 1 (Chadbourn rev. 1974); McCormick, *The Borderland of Hearsay*, 39 Yale L. J. 489 (1930); Morgan, *Hearsay and Non-Hearsay*, 48 Harv.L.Rev. 1138, 1142–1143 (1935).

In this case appellant argues that Officer Oppelt's testimony concerning Ms. Smith's startled reaction was designed to show Ms. Smith believed her assailant was one of the men in the line-up and admitted to prove the truth of that belief. The belief cannot be challenged through cross-examination because Ms. Smith is not on the stand.

Neither the parties nor this court's own research has uncovered any Missouri case-law discussing this non-assertive conduct hearsay theory.[1] This court, however, finds that in this case Officer Oppelt's testimony should not be considered hearsay.

A primary evil of hearsay evidence is inability of opposing counsel to test the declarant's veracity through cross-examination. *See, State v. Kirkland*, 471 S.W.2d

---

1. Appellant cites *State v. Valentine*, 587 S.W.2d 859 (Mo. banc 1979) and *State v. Johnson*, 538 S.W.2d 73 (Mo.App.1976) to support his position. In these cases, however, the witness tried

to infer the truth of a *statement* made by an out of court declarant without quoting the statement. Neither case addresses the issue of testimony relating non-assertive conduct.

191, 193[1] (Mo.1971); *State v. Chernick*, 280 S.W.2d 56, 60[5, 6] (Mo.1955). In this case, however, Ms. Smith did not intend for her actions to communicate an assertion to Officer Oppelt. Whether Ms. Smith intended to communicate truthfully therefore is not an issue that needs to be tested by cross-examination. Thus, the potential harm from permitting Officer Oppelt's testimony is much less than in the case of normal hearsay assertions, and the probative value of the evidence outweighs this relatively small potential for harm. This is especially true in light of the spontaneity of Ms. Smith's reaction.

The Federal Rules of Evidence agree with this court's analysis and permit testimony relating non-assertive conduct. Fed. R.Evid. 801(a)(2). The Advisory Committee's basis for admitting this evidence is similar to this court's analysis:

"Admittedly evidence of this character is untested with respect to the perception, memory, and narration (or their equivalents) of the actor, but the Advisory Committee is of the view that these dangers are minimal in the absence of an intent to assert and do not justify the loss of the evidence on hearsay grounds. No class of evidence is free of the possibility of fabrication, but the likelihood is less with nonverbal than with assertive verbal conduct. The situations giving rise to the non-verbal conduct are such as to virtually eliminate questions of sincerity."

Fed.R.Evid. 801 advisory committee note.

This court holds that Officer Oppelt's testimony was not hearsay and the trial court did not err in admitting that testimony.

The judgment is affirmed.

REINHARD, P. J., and CRIST, J., concur.