**STATE of Missouri, Respondent,**

v.

**Tracy SWIMS, Appellant.**

**No. 45751.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Feb. 8, 1983.

Henry Robertson, Asst. Public Defender, St. Louis, for appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, George Peach, Circuit Atty., St. Louis, for respondent.

REINHARD, Judge.

Defendant was convicted by a jury of the offense of robbery in the first degree, a violation of § 569.020, RSMo.1978. He was sentenced to 15 years with the Department of Corrections. He appeals. We affirm.

On July 25, 1981, Mary McCarthy, an architect at Sverdrup & Parcel and Associates, was in the process of moving from St. Louis to Boston. While she was loading items from her apartment into her car, she noticed two males approaching her. The men spoke to her, but she ignored them. After the men walked behind her, one of them put a sharp object, which felt like a knife, to her throat, and jerked her head back. The man with the knife, whom she later identified as Fred McGee, threatened her, stating that either she would be killed or her throat would be slit, and told her to get in the car. While McGee held the knife to her throat, defendant entered the car and sat behind the steering wheel. Ms. McCarthy dropped the car keys in the back seat, but McGee retrieved them. He then jerked her purse off her shoulder, breaking the strap. At that point, defendant said, "Leave her there. Let's go." The men left in the car, without her, but took her purse with over $100.00, and her possessions from her apartment.

The victim phoned the police and gave them a description of the car, including the license plate number. At approximately 2:30 that afternoon, officer Ronald Landa and detective Stephen Landa sighted Ms. McCarthy's car, a brown Oldsmobile, containing two black males. The detectives followed the car which eventually crashed into a fire hydrant and light pole. Defendant and his accomplice tried to escape on foot, but were arrested. Ms. McCarthy's purse, some American Express traveler's checks and other personal items belonging to her were discovered in the car. Ms. McCarthy was driven to the site of the accident and identified defendant and McGee as the robbers.

In defendant's first point on appeal, he contends the trial court erred in refusing to submit an instruction on the lesser-included offense of stealing from the person. Instructions on first and second degree robbery were submitted to the jury.

The verdict director for first degree robbery provided that the jury had to find: 1) that defendant and Fred McGee stole an automobile and purse owned by Mary McCarthy; 2) that Fred McGee threatened the immediate use of physical force on or against Mary McCarthy; and 3) that Fred McGee displayed or threatened the use of what appeared to be a deadly weapon or dangerous instrument.

Robbery in the second degree and stealing are lesser-included offenses of robbery in the first degree. *State v. Dickerson,* 607 S.W.2d 196, 198 (Mo.App.1980). Stealing is the appropriation of property of another without his consent. § 570.030, RSMo.1978. Second degree robbery, § 569.-030, RSMo.1978, is committed when a person forcibly steals property.

The trial court is required to instruct the jury on all lesser-included offenses supported by the evidence. *State v. Smith,* 592 S.W.2d 165 (Mo. banc 1979). Whether an instruction should be given on a lesser-included offense depends upon whether there are facts in evidence sufficient to arguably show a lack of an essential element of the higher degree of the offense. *State v. Harris,* 598 S.W.2d 200, 203 (Mo.App.1980). Defendant would have been entitled to an instruction on stealing

only if there were facts in evidence negating that force was used in taking the victim's property. The defendant presented no evidence. The state's evidence unqualifiedly established that the victim's property was taken by force. An instruction on stealing was not required.

Defendant's remaining point is that the court erred in failing to give MAI–CR2d 2.14. This is an instruction that is required to be given, whether requested or not, when two or more persons are criminally responsible for an offense divided into degrees. *See* MAI–CR2d 2.14 Notes on Use. Defendant, however, did not raise this in his motion for new trial, preserving nothing for review, but urges that we review it as plain error. Rule 30.20. This requires error affecting defendant's substantial rights resulting in manifest injustice or a miscarriage of justice.

Our court was faced with a similar situation in *State v. Shumate,* 629 S.W.2d 379, 384–85 (Mo.App.1981), and there we found the failure to give MAI–CR2d 2.14 was not plain error. In the circumstances of this case, we reach the same conclusion and find defendant's point to be without merit.

Affirmed.

CRANDALL, P.J., and CRIST, J., concur.