**STATE of Missouri, Plaintiff-Respondent,**

v.

**Joseph MEYER, Defendant-Appellant.**

**No. 48485.**

Missouri Court of Appeals, Eastern District, Division Four.

June 25, 1985.

Motion For Rehearing and/or Transfer to Supreme Court Denied Aug. 5, 1985.

Application to Transfer Denied Sept. 10, 1985.

Retta-Rae Randall, Sp. Public Defender, St. Louis, for defendant-appellant.

John H. Morris, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

SATZ, Judge.

Defendant, Joseph Meyer, was convicted by a jury of forcible rape, forcible sodomy, kidnapping and robbery in the second degree. He was sentenced to a total of eighty (80) consecutive years. Defendant appeals. We affirm.

On an early August morning in 1983, the victim, an employee at the Hardee's Restaurant in Maplewood, Missouri, was sitting on a curb in the parking lot waiting for her manager to arrive and open the restaurant. As she waited, a small red truck with two men inside pulled up next to her. The passenger, later identified as defendant, asked her if she wanted to go smoke a joint. The victim told him no and then attempted to ignore them. The driver, co-defendant Louis Workes, got out of the truck, grabbed the victim from behind by the neck and forced her into the cab of the truck.

Once inside the truck, the victim was forced to commit acts of sodomy on both the co-defendant driver and defendant. The two men then took the victim to a nearby park. Defendant pulled her out of the truck by her arm whereupon her purse fell to the floor. Defendant then took the victim down by an oak tree and raped her. The driver remained by the truck. As defendant walked back up to the truck, the co-defendant driver walked down and forced the victim to continue the earlier act of sodomy. The two men then drove the victim back to Maplewood, dropping her off about a block from the Hardee's restaurant. After she ran back to the restaurant, she noticed that money was missing from her wallet. Although she never saw anyone open her purse, she could tell someone had reached into it. Before she was abducted, the purse was zipped, and, when she returned to the restaurant, it was unzipped.

Defendant testified that the victim agreed to smoke a joint with him and climbed in the truck on her own free will. They exchanged names, talked a little while, started kissing and later had intercourse at the park. The victim asked to be driven back to work and dropped off a

block away to give the impression that she had walked to work. Defendant also testified that he did not remember seeing any purse and that he did not take anything from it.

Defendant raises two issues on appeal. In his first point, he contends the state failed to make a submissible case of robbery in the second degree because, he argues, the state produced no evidence that defendant applied force to the victim in order to steal from her. We disagree.

█ In reviewing a claim of insufficiency of the evidence to support a conviction, we must accept the state's evidence as true and give the state the benefit of all reasonable inferences, disregarding all evidence and inferences to the contrary. *E.g., State v. Williams*, 652 S.W.2d 226, 227 (Mo.App. 1983).

According to the state's evidence, the victim's purse was on her lap when she first arrived at the park, and it fell to the floor of the truck when defendant pulled her from the truck. While she was in the park with defendant, the co-defendant remained with the truck, and, when she was with the co-defendant, defendant stayed with the truck. Since the victim never saw anyone take money out of her purse and did not notice its disappearance until she was back at the restaurant, it is reasonable to assume the money must have been removed from her purse while she was in the park being raped or being forced to engage in acts of sodomy against her will.

Defendant argues, however, that there was no showing force was used against the victim at the time the money was taken from her purse. She was not present when the money was taken from her wallet. She saw no one reach into her purse. Defendant therefore claims the only force used was to obtain sexual favors and the taking of the money was merely an afterthought. Since robbery in the second degree requires property to be forcibly stolen, defendant contends his conviction on this charge was not supported by sufficient evidence and, thus, should be reversed.

█ Admittedly robbery in the second degree requires the forcible stealing of property,[1] *see, e.g., State v. Swims*, 647 S.W.2d 191, 192 (Mo.App.1983). Defendant, however, ignores the fact the victim was forcibly separated from her purse when she was pulled out of the truck. This same force prevented her from knowing what happened to her purse. We see little difference between forcibly removing property from a person and forcibly removing a person from his property. Property does not have to be taken from the immediate physical presence of the victim in order to constitute robbery, *State v. Atkins*, 549 S.W.2d 927, 930 (Mo.App.1977); and the fact the victim was unaware of the robbery does not make defendant's actions any less serious when force was used to render her unaware of that taking. *See, e.g., State v. Lora*, 561 S.W.2d 728, 729 (Mo.App.1978); *State v. Williams*, 548 S.W.2d 227, 230 (Mo.App.1977).

These principles formed the basis for our answer to this same issue when raised by co-defendant Workes in his appeal in *State v. Workes*, 689 S.W.2d 782 (Mo.App.1985). Our answer there is equally applicable here:

Here the victim was placed into the truck through force and threat of violence. She was removed from the truck and taken into the park in the same way.

---

1. A person commits robbery in the second degree when he forcibly steals property. § 569.-030, RSMo 1978.

Forcible stealing as defined by § 569.010, RSMo 1978 occurs:

[W]hen, in the course of stealing, ..., he uses or threatens the immediate use of physical force upon another person for the purpose of:

(a) Preventing or overcoming resistence to the taking of the property or to the retention thereof immediately after the taking; or

(b) Compelling the owner of such property or another person to deliver up the property or to engage in other conduct which aids in the commission of the theft;....

That force served to prevent her resistence to the taking of the money. That force or threat of force continued while she was at the park. Defendant was aware of this. Without the force neither co-defendant would have had the opportunity to steal the money. Under the circumstances here the stealing of the money constituted robbery as it occurred while the victim was under the threat of force, and that force made her unaware of the theft.

We similarly reject defendant's contention that the evidence was insufficient because it did not establish an intention to rob at the time force was first exercised—when the victim was abducted. The force continued from the beginning to the end of the episode and the formation of the intent to steal occurred during the continuation of that force and in reliance on that force. The state made a submissible case of robbery in the second degree.

At 784.

◼ In his second point, defendant contends the testimony describing the victim's physical reaction at the lineup was hearsay and improperly admitted. The testimony in issue came from two detectives present at the lineup. One detective testified the victim was upset and nervous when she viewed the lineup and also said the victim started shaking and jumped back as she identified defendant and co-defendant Workes. Defendant argues the victim's reaction was a nonverbal assertion and, therefore, the testimony was hearsay offered to prove the victim was afraid of defendant and to prove she did not consent to the sexual acts. We disagree with defendant's characterization of this testimony.

Hearsay evidence is testimony in court of an out-of-court assertion to prove the truth of the matter asserted. *E.g., State v. Harris*, 620 S.W.2d 349, 355 (Mo. banc 1981). However, "an uncontrollable action or reaction by its very nature precludes any intent to make an assertion." McCormick, *Evidence* § 250 (3d ed. 1984). The victim here did not intend to communicate any fact sought to be proved when she recoiled or jumped back upon viewing the lineup. Rather, her conduct was "a spontaneous reaction and its description by the [detectives] was not hearsay." *Workes*, at 785–786; *State v. Abram*, 632 S.W.2d 60, 62 (Mo.App.1982).[2]

Judgment affirmed.

SMITH, P.J., and SNYDER, J., concur.

---

2. Assuming the victim's nonverbal conduct was an assertion, the detectives' testimony about her reactions, arguably, would still be admissible. In this instance, her assertive conduct would fall under one of the exceptions to the hearsay rule as an excited utterance. To qualify under this exception, the utterance first must have been made as a spontaneous reaction to a startling occurrence or event. Second, the event must have been sufficiently startling to render inoperative the normal reflective thought processes of an observer. McCormick, *Evidence*, § 297 (3d ed. 1984). The sufficiency of the event is determined by focusing primarily on the effect upon the declarant. If the event caused adequate excitement, then the event qualifies under this exception. *Id.*

In this instance, the victim was noticeably affected by the line-up. The detectives testified that she was upset, fearful and shaking. She then responded to the initial viewing with a spontaneous reaction of jumping back. Her conduct obviously occurred while the event was still in progress, thereby eliminating the possibility of a reflective thought process producing her reaction. Since both the conduct and the event fall within the requirements of the excited utterance exception to the hearsay rule, the detectives' testimony pertaining to the victim's assertive conduct would be admissible into evidence. *Cf. United States v. Napier*, 518 F.2d 316 (9th Cir.), *cert. denied*, 423 U.S. 895, 96 S.Ct. 196, 46 L.Ed.2d 128 (1975) (exclamation by victim of kidnapping upon seeing the defendant's photograph in a newspaper held to be an excited utterance).