**STATE of Missouri, Respondent,**

v.

**Hallie ROBINSON, Appellant.**

No. 51527.

Missouri Court of Appeals,
Eastern District,
Division One.

June 23, 1987.

Motion for Rehearing and/or Transfer
Denied July 30, 1987.

Application to Transfer Denied
Sept. 15, 1987.

Denise J. Watson-Wesley, St. Louis, for appellant.

William L. Webster, Atty. Gen., Colly Frissell-Durley, Asst. Atty. Gen., Jefferson City, for respondent.

SATZ, Presiding Judge.

Defendant Hallie Robinson appeals his conviction by a jury of attempted second degree robbery, §§ 564.011, RSMo. 1978 and 569.030, RSMo. 1978.[1] Defendant was sentenced as a prior offender to fifteen years imprisonment. We affirm.

A person commits robbery, second degree when he "forcibly steals", § 569.030, and he "forcibly steals" when "he uses or threatens the immediate use of physical

---

1. Berkeley's motion for damages for a frivolous appeal is denied.

1. These statutes became effective January 1, 1979.

force upon another person for the purpose of:

> (a) Preventing or overcoming resistance to the taking of property or to retention thereof immediately after the taking....." § 569.010(1).

The charge of attempted robbery, second degree against defendant specifically charged him with "[trying] to take the property of Sears and [using] force to retain it." Defendant contends the state failed to make a submissible case to support this charge.

To determine whether the state made a submissible case, we view the evidence and inferences in the light most favorable to the verdict and disregard all contrary evidence and contrary inferences. *E.g., State v. Overkamp,* 646 S.W.2d 733, 736 (Mo. 1983). We do not weigh the evidence but determine whether the evidence was sufficient for reasonable persons to have found defendant guilty as charged. *E.g., State v. Porter,* 640 S.W.2d 125, 126 (Mo.1982).

So viewed, the record shows that on May 2, 1985, Susan Goldschmidt, a security guard at a Sears store, was observing activities in the store from television monitors. She noticed the defendant acting suspicious and began a video tape recording of his activities. She observed him place several bottles of cologne in a paper bag he was carrying and saw him begin walking toward the exit. Goldschmidt left the monitors and began to follow defendant. When defendant passed the last cash register, she approached him. Defendant pushed her with his right elbow to break her grip and hit her in the chest with his left fist. During this scuffle, the bag tore open and the bottles fell to the floor. Defendant then ran out of the store. Goldschmidt, after being momentarily stunned by defendant's blow, made an unsuccessful attempt to catch defendant.

A cashier at Sears, who observed the incident, corroborated Goldschmidt's testimony. Subsequently, defendant was arrested and, then, was identified by Goldschmidt. Defendant neither testified nor presented any evidence at trial.

This evidence makes a submissible case. Goldschmidt testified her encounter with defendant happened very quickly, perhaps lasting only one or two seconds. Set in this context, a jury could infer defendant punched Goldschmidt in the chest for the purpose of retaining the cologne he had taken, and the jury could make this inference beyond a reasonable doubt. *E.g., State v. Harris,* 622 S.W.2d 742, 743–745 (Mo.App.1981); *see also State v. Rellihan,* 662 S.W.2d 535, 540 (Mo.App.1983); *State v. Marberry,* 639 S.W.2d 290, 291 (Mo.App. 1982).

Defendant views the evidence differently. He does admit the evidence shows he stole the property in question. He contends, however, the evidence does not show he used force against Goldschmidt in order to retain the stolen property. Rather, he contends, the evidence shows he used force only to effectuate his escape. Defendant's argument is specious, at best.

Defendant admits the evidence and inferences must be viewed most favorably to the state. He then proceeds to turn this principle on his head and view the evidence and inferences most favorably to him. Stripped to its essentials, defendant's argument is: "[defendant] and [the] security guard did not scuffle over the retention of the stolen items.... ... [A]nd [defendant] did not try to retain the items once they fell on the floor." These conclusions of defendant are nothing more than bald statements. To accept them, we would have to suspend our disbelief and believe, for example, that Goldschmidt's placing her hand on defendant's arm and asking him to come with her was an invitation to dance and defendant's punch to Goldschmidt's body was an ungentlemanly refusal of the request. We choose not to indulge in this or like fantasy.

Defendant compounds his defective argument and perceptions of the facts. He relies primarily on cases applying statutes which were repealed prior to the present crime. *See, e.g. State v. Hawkins,* 418 S.W.2d 921 (Mo. banc 1967); *and see, State v. Samuel,* 562 S.W.2d 733 (Mo.App.1978) and cases cited therein. These cases inter-

pret former §§ 560.120 RSMo. 1969, robbery, first degree, as requiring the violence or fear to precede or be contemporaneous with the taking of the property. *Samuel* at 735–736. Robbery is now defined, as noted, to include the use or the threat of use of physical force to retain property "immediately after the taking". § 569.010. And, "immediately" is "elastic enough to cover" a scuffle between a security guard and a defendant on a sidewalk and in a car outside the store from which the property was taken. *State v. Harris, supra,* 622 S.W.2d at 745. Thus, defendant's first argument has no merit.

Defendant also argues the trial court erred in not submitting an instruction on the lesser and included offense of stealing under $150, § 570.030. We disagree.

The trial court is obligated to instruct on a lesser and included offense only if evidence of an essential element of the higher offense is lacking, which would not only authorize acquittal of the higher offense but would support a conviction of the lesser offense. *State v. Olson,* 636 S.W.2d 318, 322 (Mo. banc 1982). Thus, if the state's evidence only establishes facts to support a robbery charge and there is no contradictory evidence, no instruction on stealing is necessary. *State v. Cole,* 657 S.W.2d 59, 62 (Mo.App.1983).

Here, the state showed defendant used force against Goldschmidt immediately after the taking for the purpose of retaining the stolen property. This evidence was sufficient to sustain a conviction of attempted robbery. The state did not fail to prove any essential element of the crime charged. Defendant presented no contrary evidence. Therefore, the trial court was not obligated to submit an instruction on stealing. *See also State v. Swims,* 647 S.W.2d 191, 192–193 (Mo.App.1983).

Judgment affirmed.

CRIST and KELLY, JJ., concur.