Joseph **MEYER**, Movant–Appellant,

v.

**STATE of Missouri,**
**Respondent–Respondent.**

No. 54996.

Missouri Court of Appeals,
Eastern District,
Division One.

April 4, 1989.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 9, 1989.

Application to Transfer Denied
June 13, 1989.

Alice A. O'Keefe, Asst. Public Defender, Clayton, for movant-appellant.

William L. Webster, Atty. Gen., Daryl R. Hylton, Asst. Atty. Gen., Jefferson City, for respondent-respondent.

REINHARD, Judge.

Movant appeals from the denial of his Rule 27.26 motion after an evidentiary hearing. We affirm.

Movant was convicted by a jury of forcible rape, forcible sodomy, kidnapping and second degree robbery and sentenced to consecutive terms of imprisonment totalling 80 years. We affirmed his convictions in *State v. Meyer*, 694 S.W.2d 853 (Mo.App. 1985). Statements of the facts are presented in *Meyer* and *State v. Workes*, 689 S.W. 2d 782 (Mo.App.1985), the direct appeal of his codefendant.

In his Rule 27.26 motion as amended by appointed counsel, movant claimed his trial counsel, on several grounds, was ineffective and raised various allegations of trial court error. The motion court entered extensive findings of fact and conclusions of law denying the motion.

The only issue movant raises on appeal is the effectiveness of the assistance of his trial counsel. He contends the motion court clearly erred in concluding counsel was effective when counsel did not tender to the trial court a special negative defense instruction as to movant's belief the victim consented, *see* MAI–CR2d 2.37.1 and notes on use, and an instruction defining "serious physical injury," *see* MAI–CR2d 33.01.

Our review is limited to determining whether the findings, conclusions, and judgment of the motion court are clearly erroneous. Rule 27.26(j); *Richardson v. State*, 719 S.W.2d 912, 915 (Mo.App.1986). The motion court's findings, conclusions, and judgment are clearly erroneous only if a review of the entire record leaves the appellate court with a definite and firm impression that a mistake has been made. *Richardson*, 719 S.W.2d at 915. The motion court is not required to believe the testimony of a movant or any other witness at a Rule 27.26 hearing, and an appellate court must defer to the motion court's determination of credibility. The movant has the burden of proving his asserted grounds for relief by a preponderance of the evidence. *Armour v. State*, 741 S.W.2d 683, 688 (Mo.App.1987).

To prevail on an ineffective assistance of counsel claim, a movant must show that counsel's performance was deficient and that the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). A movant "must

satisfy *both* the performance prong and the prejudice prong to prevail on an ineffective assistance of counsel claim." *Sanders v. State,* 738 S.W.2d 856, 857 (Mo. banc 1987) (emphasis in original). A motion court and this court may proceed directly to the issue of prejudice without first determining whether counsel's conduct was deficient. *Cook v. State,* 752 S.W.2d 483, 485 (Mo. App.1988); *Roberts v. State,* 764 S.W.2d 688, 689 (Mo.App.1988).

A movant must show that the alleged error had an adverse effect on the defense, that is, it must be prejudicial. The fact that an error by counsel might have had some conceivable effect on the outcome is not sufficient. Rather, movant, when challenging a conviction, must show there is a reasonable probability that, absent the alleged error, the fact finder would have had a reasonable doubt respecting guilt. In determining whether a reasonable probability exists, the court hearing an ineffectiveness claim must consider the totality of the evidence before the fact finder. *Strickland v. Washington,* 466 U.S. 668, 691–96, 104 S.Ct. 2052, 2066–69, 80 L.Ed.2d 674 (1984); *Richardson v. State,* 719 S.W.2d 912, 915–16 (Mo.App. 1986).

Movant has failed to carry his burden of proof as to prejudice.[1] He has failed to allege or prove how he was prejudiced in any manner by his counsel's failure to tender the above complained of instructions.

We have reviewed the record including the trial transcript. We conclude that in light of the circumstances of this case, including the instructions given and the manner in which movant presented his defense, movant was not prejudiced by the court's failure to submit to the jury a special negative defense instruction as to belief of consent. For the same reasons movant was not prejudiced by the court's failure to submit an instruction defining "serious physical injury." Thus, because we discern no prejudice to movant from the court's failure to submit the instructions to the jury, we find no prejudice due to counsel's failure to tender the instructions to the court.

The conclusion of the motion court that "[m]ovant had the effective assistance of counsel" is not clearly erroneous.

Judgment affirmed.

CRANDALL, P.J., and CRIST, J., concur.

---

1. We note that on appeal movant does not challenge the failure of the court to give these instructions. Instructional error is normally not cognizable under Rule 27.26, but an exception exists if the error is a constitutional error, i.e., if it causes a substantial deprivation of the right to a fair trial.

We do not believe failure to give either a special negative defense instruction on belief of consent or an instruction defining "serious physical injury" rises to the level of constitutional error. *See State v. Williams,* 696 S.W.2d 809 (Mo.App.1985) and *State v. Koonce,* 731 S.W.2d 431 (Mo.App.1987) (belief of consent); *see State v. Pippenger,* 708 S.W.2d 256 (Mo.App.1986) (serious physical injury).