STATE of Missouri, Respondent,

v.

Julius McCOMBS, Appellant.

No. 54799.

Missouri Court of Appeals,
Eastern District,
Division Three.

June 27, 1989.

Mary C. McWilliams, Asst. Public Defender, St. Louis, for appellant.

William L. Webster, Atty. Gen., Daryl R. Hylton, Asst. Atty. Gen., Jefferson City, for respondent.

DOWD, Presiding Judge.

Appellant challenges his conviction of robbery in the second degree, § 569.030, RSMo 1986, after a jury trial. As a Persistent Offender, he was sentenced to twelve years imprisonment. The issues raised on appeal are as follows: 1) the trial court erred in allowing instructions for robbery in the first and second degrees while refusing to offer an instruction for stealing under $150.00; and 2) the trial court erred in failing to grant a mistrial because improper statements were made by the prosecutor during his closing argument. We do not find merit in these contentions and affirm the jury conviction.

The evidence supports a finding that on July 30, 1987, victim met appellant on the sidewalk outside her apartment building. They had known each other for several years through a mutual acquaintance and while appellant had been a maintenance worker in victim's apartment building.

Victim testified that appellant seemed depressed and in an effort to help him, she invited him to her apartment where they talked for approximately four hours. When victim attempted to terminate the conversation, appellant forced her apartment door closed and blocked her route.

Victim testified that appellant took her into her bedroom and raped her. During this incident, appellant stated, "if you don't cooperate, you're going to meet your maker. If you don't want to meet your maker, you better cooperate."

After the alleged rape, appellant walked into victim's kitchen, found a kitchen knife and walked back towards the bedroom. He then flourished the knife while standing in the doorway and stated, "Ah-hah." Appellant placed the knife on the stove and went back into the bedroom.

Appellant then ordered victim to her closet where he removed $7.00 in cash and a camera. Appellant left threatening victim that if she called the police he would kill her. Shortly thereafter victim called a friend who took her to the hospital. Appellant was arrested and charged with rape and first degree robbery. At trial appellant was acquitted of rape and found guilty of second degree robbery. He now appeals.

Appellant asserts in his first point on appeal that the submission of first and second degree robbery instructions was improper and that the instruction for stealing should have been submitted. To support this assertion, appellant relies upon an interpretation of the evidence with which we cannot agree.

In determining whether the state made a submissible case, we view the evidence in the light most favorable to the verdict and disregard all contrary evidence and inferences. *State v. Robinson*, 735 S.W.2d 80, 81 (Mo.App.1987). Our review is limited to whether there was sufficient evidence for reasonable persons to have found appellant guilty as charged. *Id.*

Appellant argues that there was no evidence that force or threat of force was used and such evidence is necessary for the

submission of a second degree robbery instruction. We disagree as we find evidence to support the submission.

The state's evidence showed that victim tried to leave her apartment but appellant stood in front of the door and locked it. Victim stated she felt she could not overpower him. Later, appellant flashed a knife at victim having before stated, "If you don't cooperate, you're going to meet your maker." Subsequently, appellant told victim that if she called the police, he would kill her. This evidence clearly supports instructing the jury on robbery.

■ Appellant next asserts that the trial court erred in refusing to submit a verdict director for the lesser included offense of stealing under $150. A trial court is obligated to instruct on a lesser included offense only where evidence of an essential element of the higher offense is lacking, which not only would authorize acquittal of the higher offense but would support a conviction of the lesser offense. *Robinson*, at 82. Having found support for the robbery conviction and no contradictory evidence that would support an alternate conclusion, no instruction on stealing was necessary. *Id.* Point denied.

■ Appellant's final point on appeal states that the trial court erred by failing to declare a mistrial because a statement made by the prosecutor during closing arguments was improper. The record shows that appellant did not request a mistrial at the time the statement was made. The court did not abuse its discretion in not declaring a mistrial *sua sponte*. The statement in context which was given during the state's rebuttal is as follows:

> She's got four cuts that the doctor told you about, and [defense counsel] says if this really happened why isn't she hurt worse, why isn't she bruised and if this really happened why didn't he take the television, if he was going to take this why didn't he take more? We could go even further. Why didn't he kill her? Why aren't we here on a murder? I don't know.

(Challenged portions are underlined.)

The trial court is afforded broad discretion in controlling closing arguments: this court will reverse only where the closing argument is found to be plainly unwarranted. *State v. Sandles*, 740 S.W.2d 169, 176 (Mo. banc 1987), *cert. denied.*, —— U.S. ——, 108 S.Ct. 1303, 99 L.Ed.2d 513 (1988). In addition, a prosecutor is permitted to exceed the normally recognized limits of closing argument in retaliation to defense counsel's argument. *State v. Bryant*, 741 S.W.2d 797, 799 (Mo.App.1987).

■ In the case at hand the prosecution was clearly responding to the rhetorical questions asked by defense counsel with rhetorical questions of her own. In answering arguments of appellant's counsel, the prosecutor may be allowed to go further by way of retaliation than he would be authorized to do in the first place. *State v. Williams*, 721 S.W.2d 102, 107 (Mo.App. 1986). This does not mean that the prosecutor may resort to improper argument with impunity. But a conviction will be reversed for improper argument only where it is established that the complained of statement had a decisive effect on the jury's determination. *State v. Sanders*, 714 S.W.2d 578, 590 (Mo.App.1986).

Appellant's contention that the statement did prejudice the jury is inconsistent with the verdict itself, in which the jury passed over the opportunity to convict appellant of robbery in the first degree in favor of a lesser crime. We find no abuse of discretion. Point denied.

Judgment is affirmed.

SIMON and GARY M. GAERTNER, JJ., concur.