## THE STATE v. REED, *Appellant*.

**Practice**: IMPROPER REMARKS BY PROSECUTING ATTORNEY. The trial court having failed to instruct the jury upon a material point, the prosecuting attorney, in his closing argument, undertook to supply the omission, and in doing so, against the defendant's objection and without interruption by the court, used language which was calculated to mislead the jury, and which the record seemed to show did mislead them. For this the judgment was reversed.

*Appeal from Butler Circuit Court.*

·REVERSED.

*S. M. Chapman* for appellant.

*J. L. Smith*, Attorney-General, for the State.

NORTON, J.—This cause is here by appeal from a judgment of the circuit court of Butler county sentencing defendant to two years imprisonment in the penitentiary for stealing a hog, for which offense he was indicted, tried and convicted in said court. The only evidence tending to show that defendant stole the hog in question was the fact that soon after the hog was missed by the owner it was found in the possession of defendant, who claimed to have bought it from some persons who had stopped at his house

with a drove of hogs, and the fact that he did so purchase it was proven by several witnesses. The court gave no instruction in regard to the legal effect of defendant's possession of the hog soon after it was stolen, if it was in fact stolen, which the evidence of the owner of it left in doubt, but the jury was allowed to grope in the dark upon that subject. In the closing argument the prosecuting attorney, against the objection of defendant, undertook to supply the omission made by the court, and argued to the jury as to the presumptions of guilt and inferences to be drawn therefrom when property was stolen and found in the possession of a person soon after the " supposed theft." The court, having abdicated its duty in failing to instruct the jury as to what effect was to be given to the fact proved, that defendant was in possession of the hog alleged to have been stolen, should at the least have forbidden the prosecuting attorney, who in his closing argument assumed the duty thus omitted, from making any statement calculated to mislead the jury as to the law governing that question. We think his remarks were of that character, and from the use by him of the words " supposed theft," the jury might well have concluded that it was not incumbent on the State to prove the *corpus delicti*, or the fact that the hog was stolen, but that it was only necessary for the State to offer evidence sufficient to justify a suspicion that the hog had been stolen and that the possession of property supposed to have been stolen would authorize a conviction. That the jury were thus misled is entirely probable, as the record shows that, unless they were, they could only have reached the conclusion. they did by disbelieving and discrediting three witnesses who were in no way impeached. Judgment reversed and cause remanded, in which all concur.