**STATE of Missouri, Plaintiff-Respondent,**

v.

**Michael L. WATSON, Defendant-Appellant.**

**No. 47200.**

Missouri Court of Appeals, Eastern District, Division Two.

June 19, 1984.

William J. Shaw, Public Defender, Robert J. Maurer, Asst. Public Defender, Clayton, for defendant-appellant.

John Ashcroft, Atty. Gen., Jefferson City, for plaintiff-respondent.

PUDLOWSKI, Judge.

This is an appeal from a jury's conviction for the Class D felony of passing a bad check in violation of § 570.120 RSMo 1978. Appellant was sentenced to a three year term.

The sufficiency of the evidence to uphold appellant's conviction is not disputed. We review all the evidence favorable with the verdict and disregard all inferences to the contrary.

On November 28, 1980, appellant, Michael L. Watson, placed an order with Weatherguard, Inc., a company which manufactures cellulose insulation. The order was for appellant's firm for 175 bags of insulation. For payment of his order, appellant wrote a check to Weatherguard for the amount of $707.39. The comptroller for Weatherguard attempted to deposit the check twice. Each time, the check was

returned unpaid and marked "insufficient funds."

The comptroller of Weatherguard made arrangements for a ten-day letter to be sent from the prosecuting attorney's office to appellant. The letter informed appellant he would have ten days to make arrangements with Weatherguard for payment on the check and failure to comply with the letter could result in prosecution. Appellant failed to comply with the letter. Further, appellant's attempts to make partial payment on the check were refused. Ten days after the notice letter was sent, Weatherguard referred the matter over to the proper authorities for prosecution.

Appellant's defense to the allegation of passing a bad check was he did not intend to defraud Weatherguard. Appellant claimed at the time he wrote the check, he believed he had sufficient funds to cover the check in his checking account. Evidence revealed appellant did not have sufficient funds in his account at the time he wrote the check. The jury found appellant guilty.

Five points have been raised on appeal. Point one alleges trial court error in permitting the state to read statutes and argue law to the jury. Point two alleges error in the failure to grant a mistrial after the state informed the jury appellant had been previously convicted of the offense for which he was on trial. Point three alleges error in allowing the state to impeach appellant's credibility through reference to a twenty-three year old juvenile conviction. Point four alleges error in permitting the state to argue that an adverse inference could be drawn from the inability of appellant to produce a witness. Point five alleges error in excluding evidence of appellant's offer to partially pay his debt.

In his first point, appellant contends the state shifted the burden of proof by reading § 570.120(3) to the jury during closing argument. § 570.120(3) reads as follows:

Passing bad checks.

3. If the issuer has an account with the drawee, failure to pay the check or order within ten days after notice in writing

that it has not been honored because of insufficient funds or credit with the drawee is prima facie evidence of his purpose to defraud and of his knowledge that the check or order would not be paid.

A trial court's determination of the prejudicial effect of closing argument will not be disturbed absent a showing of abuse of the court's discretion. *Hart v. Forbes*, 633 S.W.2d 90, 92 (Mo.App.1982). However, discretion of the trial court does not extend so far as to justify a theory or claim in conflict with the jury instructions. *Id.*

In *Domijan v. Harp*, 340 S.W.2d 728, 734 (Mo.1960), our Supreme Court stated that the reading to the jury by counsel of domestic statutes or law is wholly improper and if counsel misstates the law or states it in a manner calculated to mislead the jury, reversible error is committed. *Courter v. George W. Chase & Son Mercantile Co.*, 222 Mo.App. 43, 299 S.W. 622, 626 (1927); *State v. Reed*, 71 Mo. 200, 201 (Mo.1879). It was improper for the prosecutor to read to the jury the statute. The court had already given to the jury its instructions on the law and as discussed below such rendering was prejudicial.

By reading the statute, § 570.120(3), containing the phrase "prima facie evidence," the prosecutor created the impression that the state no longer carried the burden of proof, but rather the defendant carried the burden to prove his innocence. Although the prima facie status of appellant's noncompliance with the notice letter served solely to prove the existence of appellant's intent to defraud, the jury could consider the prima facie status of such evidence sufficient to shift the entire burden of proof to the defendant. This misplaced burden is in direct conflict with jury instruction number four which states the state has the burden of proof and therefore was prejudicial to the defendant. Reversible error was committed.

Appellant's second point on appeal alleges trial court error in denying his request

for a mistrial due to improper remarks made by the state in closing arguments. During cross-examination of appellant, the prosecutor inquired about his prior convictions of manslaughter and stolen property in which appellant answered in the affirmative. Thereafter, the prosecutor posed questions about two alleged prior incidents of passing insufficient funds checks.

Q. [By the prosecuting attorney] Mr. Watson, is it true that on June 25, 1982, you were convicted of a misdemeanor for writing an Insufficient Funds Check and the imposition of sentence was suspended on that case and you were placed on probation for two years in Jefferson County, Hillsboro?

A. Mr. Lord, prior to these here today, I told you I had no knowledge of it and I asked somebody to produce it and no one has, and I still don't know anything about it.

Q. I understand, Mr. Watson, and isn't it also true that on the 12th day of December 1974 in Jefferson County, Hillsboro, Missouri, you pled guilty to the misdemeanor of writing a check on insufficient funds, under $50, and again on that occasion imposition of sentence was suspended and you were placed on probation again; isn't that true?

A. Again I will tell you that no, it is not true. I have told you about that and you know, again, we are getting repetitious.

There was no further attempt made by the state to prove up these alleged prior convictions. However, during the state's closing argument, the prosecution made the following remarks:

Now, let your common sense be your guide. I make it Watson was convicted of manslaughter, receiving stolen property, not once but twice—twice, and convicted of interstate transportation of a stolen motor vehicle. Remember, after

that his recollection of his criminal career becomes a bit hazy, there is no recollection of two 1972 convictions for insufficient funds (Tr. 120).

Section 491.050 RSMo 1978, allows for cross-examination as to details of any prior convictions. If the defendant denies the conviction the prosecution must show he was in fact convicted. *State v. Sanders,* 634 S.W.2d 525 (Mo.App.1982). In the case at bar, the state offered no proof of appellant's alleged prior convictions.

In rebuttal, the state argues during closing arguments, trial counsel may argue all evidence of record in any inferences and conclusion reasonably drawn from that evidence. *State v. Newlon,* 627 S.W.2d 606 (Mo. banc 1982), *cert. denied,* 459 U.S. 884, 103 S.Ct. 185, 74 L.Ed.2d 149 (1982), *reh. denied* 459 U.S. 1024, 103 S.Ct. 391, 74 L.Ed.2d 520 (1982). We fail to find any reasonable inference or conclusion in appellant's denial of the convictions. Appellant denied having been convicted for passing checks with insufficient funds. The state then has the burden to prove the alleged previous convictions. The state woefully failed to offer any evidence to prove the convictions. It was error to remark in closing argument concerning appellant's non-existent convictions of insufficient funds.[1]

Appellant's third point alleges trial court error in overruling his objection and allowing the state to attempt impeachment of appellant's credibility by referring to a 23 year old conviction under the Federal Youth Corrections Act. The crime for which appellant was on trial occurred on November 28, 1980. At trial, the state cross-examined appellant in regard to a conviction for a stolen vehicle in U.S. District Court in 1960. Appellant was 15 years of age at the time of the federal offense. Prior to the cross-examination, a

---

**1.** We note under Missouri law a party is permitted to cross-examine a witness as to details of any prior convictions. However, in the instant case, the state has been given notice that appellant has no recollection of the two prior convictions for writing checks with insufficient funds.

Absent any evidence to prove contrary, we fail to see any relevance, beyond prejudicing appellant before the eyes of the jury, in questioning appellant upon retrial pertaining to the alleged convictions.

recess was called to determine the admissibility of the prior juvenile conviction. During this recess, appellant objected to the admission of the conviction because of his juvenile status. However, appellant failed to raise the point in his motion for new trial and as such the point has not been preserved on appeal. *State v. Collett*, 542 S.W.2d 783 (Mo. banc 1976). Appellate review can only be had as an assertion of plain error. Rule 30.20.

A conviction and sentencing under the Federal Youth Corrections Act is a conviction for a crime. *State v. Cummings*, 607 S.W.2d 685 (Mo.1980). There has been no showing appellant was entitled to or received the benefit of expungement of his sentence under 18 U.S.C. § 5021. We note, however, the primary concern of the authors of 18 U.S.C. § 5021 was that rehabilitative youth offenders be spared the social stigma and loss of economic opportunity that accompany the status of an ex-offender. *Doe v. Webster*, 606 F.2d 1226 (D.C.Cir.1979). The purpose of this section is to relieve a person not only of the usual disabilities of a criminal conviction but to give him a second chance free of a record tainted by such conviction. *Mestre Morera v. U.S. Immigration and Naturalization Service*, 462 F.2d 1030 (1st Cir. 1972). Therefore, upon retrial, should appellant introduce evidence of receiving the benefit of expungement, the state would be precluded from introducing the prior conviction. Absent such evidence, we are constrained to permit the introduction of the conviction.[2]

Appellant's fourth point alleges error in allowing the state to make references in closing arguments in regard to appellant's failure to produce Howard Cook as a witness for the defense. As in point three, appellant failed to raise this point in his motion for new trial. Appellant's point is not preserved for appeal. Rule 29.11(d).

Lastly, appellant contends the trial court erred in excluding and limiting evidence of his efforts in partial payment while permitting the state to introduce evidence pertaining to appellant's failure to comply with a ten-day form letter. The only issue of intent in a bad check case is intent to defraud at the time the check is written. Evidence as to intent at subsequent points, such as appellant's intent at the time he attempted to render partial payment of the amount due, is irrelevant. *State v. Warren*, 628 S.W.2d 410 (Mo.App. 1982). However, § 570.120 renders the evidence of appellant's failure to pay the check after receipt of written notice of insufficient funds relevant to appellant's intent at the time the alleged crime occurred. Failure to pay within ten days is prima facie evidence of purpose to defraud. As such, the trial court did not err in allowing the state to offer evidence of appellant's actions after receipt of the written notice.

Reversed and remanded.

CRIST, P.J., and SIMON, J., concur.

---

**2.** This writer has difficulty in the justness and reasonableness of allowing inquiry into a conviction of a fifteen year old for a stolen automobile twenty-three years ago. The remoteness in time and the relevance between a stolen vehicle and issuance of an insufficient funds charge taxes one's rationality.