STATE of Missouri, Respondent,

v.

Glenn VALENTINE, Appellant.

No. 63736.

Supreme Court of Missouri,
Division One.

Feb. 23, 1983.

Motion for Rehearing or Transfer to
Court En Banc Denied March 29, 1983.

Kenneth R. Singer, St. Louis, for appellant.

John Ashcroft, Atty. Gen., Theodore A. Bruce, Asst. Atty. Gen., Jefferson City, for respondent.

WILLIAM H. CRANDALL, Jr., Special Judge.

Glenn Valentine appeals from his conviction, after a jury trial, of capital murder, § 565.001, RSMo (1978). Sentence was imposed at life imprisonment without eligibility for probation or parole for fifty years. Section 565.008.1, RSMo (1978). Jurisdiction of the appeal is in this Court. Mo. Const. Art. V, § 3. Appellant claims error in the trial court's failure to exclude certain testimony by police detectives regarding the investigation of the crime and the circumstances of appellant's arrest and the court's failure to declare a mistrial following a comment by the State to a defense witness. We affirm.

Since the sufficiency of the evidence is not challenged, we will briefly review the facts. On April 25, 1981, Tyrone Hentley and the victim, David Chester, were riding bicycles in north St. Louis. The two men went to a recreation center to buy some cigarette papers. As they entered the recreation hall they noticed appellant standing in the room staring at them. Appellant then ran out the door. As Hentley and Chester left the hall they saw appellant reaching into a green car. Appellant walked up to the two men with a gun in his hand and asked them what they were going to do. Hentley testified that the gun went off at that point and that he heard several other shots while he was running from the scene of the crime.

Officer Leonard Hoeffner was patrolling the area when he heard the shots. As he drove his motorcycle to the area he saw a dark green Chrysler leaving the scene. The victim was lying on the sidewalk with a bullet wound in his head from which he later died. Six nine-millimeter Luger bullet casings were recovered by Officer Hoeffner at the scene.

Hentley testified that as he fled he turned and saw the police officer. Hentley then returned to the scene and talked to the police. At a lineup Hentley identified appellant as the assailant and also selected appellant's photograph from a photo display.

### I.

On April 28, 1981, City of St. Louis Homicide Detective Colin McCoy and two other detectives went to appellant's house to investigate the shooting. Detective McCoy asked appellant if he would voluntarily come to the police station to talk about the shooting. Appellant asked McCoy if he had a warrant for his arrest. When McCoy replied in the negative, appellant closed his front door and refused to talk to the detectives. Appellant claims that the trial court erred in failing, *sua sponte*, to declare a mistrial when Detective McCoy testified about appellant's refusal to accompany the detectives to the police station. Appellant concedes that this allegation of error was not preserved and seeks review under the plain error rule. Rule 30.20.

■ The plain error rule should be used sparingly and does not justify a review of every alleged trial error that has not been properly preserved for appellate review. *State v. Davis,* 566 S.W.2d 437, 447 (Mo. banc 1978). Existence or nonexistence of plain error must be determined from an examination of the particular facts and circumstances of each case. *State v. Miller,* 604 S.W.2d 702, 706 (Mo.App.1980).

■ The State argues that appellant's refusal to accompany the detectives to the police station was a tacit admission of guilt and therefore Detective McCoy's testimony about the incident was admissible. As generally stated, the tacit admission rule allows admission of evidence of a defendant's failure to deny statements made in his presence which tend to incriminate him. *State v. Samuel,* 521 S.W.2d 374, 375 (Mo. banc 1975). In Missouri additional requirements must be met to invoke the tacit admission rule. The accusatory statement must be made within the presence and hearing of the accused. It "must be sufficiently direct, as naturally would call for a reply" and "must not have been made at a judicial proceeding, or while the accused was in custody or under arrest." *State v. Samuel,* 521 S.W.2d at 375. The statement made to the appellant by Detective McCoy was neither incriminating nor was it sufficiently direct as to naturally call for an exculpatory reply. Detective McCoy merely asked appellant if he would "escort" the police officers to the police station where they wished to talk to appellant "in regard to the shooting of the victim." Detective McCoy's statement to the appellant was simply a request for information such as might be made of any witness. The statement did not tend to incriminate the appellant and therefore would not naturally call for a denial or other exculpatory reply. Detective McCoy's testimony regarding appellant's statement and conduct following the officer's request that appellant accompany them to the police station was therefore not admissible as a tacit admission. Furthermore, the testimony was irrelevant to the issue of appellant's guilt. The question to be answered, however, is not whether the admission of Detective McCoy's testimony in evidence was error or even whether it was prejudicial error. Since the error of which appellant complains was not preserved for review, it can warrant reversal only if it can be classified as plain error. *State v. Holmes,* 613 S.W.2d 664, 665 (Mo. App.1981).

■ Plain error and prejudicial error are not synonymous terms. No precise method exists for determining plain error but it can be said that plain error includes prejudicial error which so substantially affects the rights of the accused that a "manifest injustice or miscarriage of justice inexorably results if left uncorrected." *State v. Miller,* 604 S.W.2d at 706. In this case appellant was not in custody nor under arrest. Detective McCoy did not interrogate the appellant but simply asked him to voluntarily come to the police station for questioning. This situation is different from the admission in evidence of post-arrest silence of an accused during interrogation. *See State v. Pogue,* 563 S.W.2d 544 (Mo.App.1978).

We do not find the challenged evidence, which was unchallenged at trial, had such a decisive effect on the jury so as to come within the purview of the plain error rule. We therefore hold that the trial court did

not commit plain error in failing to resort to the drastic remedy of a mistrial. Appellant's first contention is denied.

## II.

Detective McCoy testified that on April 28, 1981, he showed seven photographs, including a picture of appellant, to Tyrone Hentley. Later in his testimony Detective McCoy stated that an "at large" or "wanted" bulletin was issued for the appellant on April 28, 1981. Appellant claims error in the admission of this testimony arguing that it established a set of circumstances which invited a clear inference of hearsay that Hentley had identified appellant as the assailant. Appellant again concedes that this point can only be reviewed under the plain error rule. Rule 30.20.

■ The admission in evidence of the testimony of a third party concerning the extrajudicial identification of an accused by a witness is inadmissible as hearsay absent some exception to the hearsay rule. *State v. Degraffenreid,* 477. S.W.2d 57, 63–64 (Mo. banc 1972). It is no less a violation of the hearsay rule to establish circumstances by the testimony of a witness which invites an inference of hearsay. *State v. Edwards,* 637 S.W.2d 27, 29 (Mo.1982); *State v. Valentine,* 587 S.W.2d 859, 861 (Mo. banc 1979); *State v. Chernick,* 280 S.W.2d 56, 59–60 (Mo.1955).

■ In this case, unlike *Chernick* and *Valentine,* Detective McCoy's testimony did not establish a substantial basis for the inference that Hentley had specifically identified appellant. The detective's statements regarding the photo display to Hentley and the date of the "wanted" bulletin were not made one after another. Any possible link between the display and the issuance of the bulletin was attenuated by the prosecutor's inquiry concerning the length of the investigation and whether any "wanted" bulletin was issued for appellant between the dates of the shooting and the date of his arrest. The challenged statements were made regarding two unrelated matters and no attempt was made by the prosecutor to link them for the purpose of

creating the inference that Hentley identified a photograph of the appellant. We find no clear inference of hearsay was created by Detective McCoy's testimony regarding photographic display and the apprehension of appellant. Finding no error, we deny appellant's second contention.

## III.

■ Appellant was arrested during the early morning hours of May 27, 1981. Testimony was adduced that appellant resisted arrest by barricading himself in an apartment and by threatening to kill any police officer who entered. Three shots were fired at the door from inside the apartment. During the seige police officers observed appellant lower a black bag from his eighth floor apartment window to someone leaning out of a window of the apartment below. Police later retrieved two .38 caliber revolvers and a Luger automatic which they observed being thrown out of the window of the seventh floor apartment. After appellant's arrest, police officers found bullet casings and shells in appellant's apartment but no firearms.

Appellant claims error in the admission of the testimony that three pistols were thrown from the seventh floor apartment because no evidence was adduced to establish that appellant had ever owned or used these weapons. He argues in particular that the testimony regarding the Luger, coupled with the evidence that the Luger shell casings were recovered at the scene of the murder, improperly suggested that the weapon was used in the commission of the murder. Appellant mischaracterizes the purpose for which the guns were admitted in evidence. They were not offered to demonstrate how appellant killed the victim but were offered for the purpose of demonstrating how appellant resisted arrest. The evidence was introduced in conjunction with testimony showing the acts and conduct of appellant while police officers were attempting his arrest. Evidence that appellant resisted arrest is relevant because it evinces his consciousness of guilt. *State v. Wright,* 619 S.W.2d 822, 824 (Mo.App.1981);

*see State v. Phillips,* 452 S.W.2d 187, 189 (Mo.1970); *State v. Jones,* 583 S.W.2d 212, 216 (Mo.App.1979). Specifically, the evidence that appellant lowered a bag to the apartment below and that three guns were thrown from that apartment window a short time later is circumstantial evidence from which it could reasonably be inferred that appellant had access to a weapon and resisted arrest by firing the weapon. This evidence becomes particularly relevant in light of appellant's evidence that there were no weapons in the apartment and that there were no shots fired. Appellant's third point is without merit.

### IV.

■ Appellant's witness, Darryl Price, testified that he was in the seventh floor apartment during the time of appellant's arrest and that no one in the seventh floor apartment received a bag lowered from the apartment above. During cross-examination the prosecutor asked Price whether he had heard shots coming from upstairs. The prosecutor, in reference to appellant's counsel then said, "You don't need to look at him." The trial judge overruled defense counsel's objection and stated that he had "noticed the same thing." Appellant claims error in the trial court's failure to sustain the objection and its failure to declare a mistrial. He argues that the "comments" of the trial judge and the prosecutor prejudiced him since the comments were not neutral and implied that Price's testimony was unbelievable because he was being coached.

The trial judge's statement was not a comment on the evidence or on the credibility of the witness. The court merely explained the basis for the ruling on the objection. This explanation correctly related what occurred and in these circumstances no prejudice could have resulted to the appellant. *State v. Phelps,* 478 S.W.2d 304, 310 (Mo.1972). Appellant's final point is denied.

The judgment is affirmed.

GUNN, P.J., RENDLEN, C.J., and JAMES R. REINHARD, Special Judge, concur.

BILLINGS and DONNELLY, JJ., not sitting.