**612**

STATE of Missouri, Respondent,

v.

Nathaniel MERRITT, Appellant.

No. 45978.

Missouri Court of Appeals,
Eastern District,
Division Three.

May 24, 1983.

Motion for Rehearing and/or Transfer to
Supreme Court Denied July 15, 1983.

Application to Transfer Denied
Aug. 16, 1983.

Joseph Downey and Henry Robertson, St. Louis, for appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, George Peach, Circuit Atty., St. Louis, for respondent.

CRANDALL, Presiding Judge.

Appellant was convicted in a jury trial of burglary in the second degree, § 569.170, RSMo (1978). He was found to be a persistent offender, § 558.016, RSMo (1978), and was sentenced to a term of ten years imprisonment. This appeal ensues. We affirm.

Since appellant does not challenge the sufficiency of the evidence, we will only review the evidence as it pertains to appellant's contention on appeal. On October 15, 1981 at approximately 12:30 p.m., two Internal Revenue agents were driving in the City of St. Louis when they saw appellant and another person remove articles from an apartment window and place the articles in an automobile. The IRS agents wrote down the license plate number of the automobile before the appellant and his accomplice drove away. They called the police and met the officers at the apartment where they had observed appellant. Shortly thereafter, the owner of the apartment arrived and confirmed that the apartment had been burglarized.

The police determined that Clara Hunter was the owner of the car that had been at the burglarized apartment. Officers Nash and Frentzel were dispatched to the Hunter home. Lyndale Hunter answered the door and allowed Officers Nash and Frentzel to enter the apartment. The officers were permitted to search the apartment and found property stolen in the burglary. Appellant, Lyndale Hunter, and three other suspects who were at the Hunter home at the time of the search were placed under arrest.

Appellant's sole point on appeal was that the trial court erred in allowing Officers Nash and Frentzel to testify that Lyndale Hunter gave them permission to search the Hunter residence. Appellant alleges that this testimony was hearsay and that he was prejudiced because it created an inference that Hunter was implicating the appellant

by allowing the officers in the apartment where appellant was and where the stolen goods were present.

We agree that the testimony of the officers created an inference of hearsay. Although no direct hearsay evidence was admitted into evidence, "[i]t is no less a violation of the hearsay rule to establish circumstances by the testimony of a witness which invites an inference of hearsay." *State v. Valentine*, 646 S.W.2d 729, 732 (Mo.1983). We do not accept appellant's contention that the testimony was prejudicial. Appellant does not contest the search of the residence and the seizure of the stolen property, nor does he contest the fact that he was arrested in the residence in which the stolen property was seized. The fact that a third party, albeit a suspect, gave police officers permission to search the residence does not prejudice the appellant. The admission of the officers' testimony was, therefore, harmless error. Rule 29.12(a).

The judgment of the trial court is affirmed.

REINHARD and CRIST, JJ., concur.