**STATE of Missouri, Plaintiff-Respondent,**

v.

**Lionel SMILES, Defendant-Appellant.**

**No. 14239.**

Missouri Court of Appeals, Southern District, Division One.

Dec. 18, 1986.

Motion for Rehearing or Transfer to Supreme Court Denied Jan. 12, 1987.

William L. Webster, Atty. Gen., Carrie Francke, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

James D. McNabb, Springfield, for defendant-appellant.

JOHN E. PARRISH, Special Judge.

Lionel Smiles was convicted of passing a bad check in violation of § 570.120.[1] Following assessment of punishment by a jury at imprisonment in the county jail for a term of one year, the trial court imposed that sentence.

On appeal, Smiles contends that the trial court erred 1) in denying his motion for judgment of acquittal because the evidence was insufficient to sustain the conviction, and 2) in admitting into evidence bank

records containing notations of prior unrelated insufficient funds charges to his checking account.

The evidence, considered in the light most favorable to sustain the verdict, *State v. Hurd,* 657 S.W.2d 337, 338 (Mo.App. 1983), is as follows.

In early 1982, Smiles had a checking account at First Security Savings of Joplin, Missouri (First Security). Bank records of Smiles' account at First Security showed that, for the period of May through September, 1982, his account never had a balance of more than $100. On August 16, 1982, First Security closed Smiles' account because of overdrafts and a continuing negative balance. On August 31, 1982, a bank statement was sent showing that the account had been closed August 16, and, that on that date, the account had a zero balance.

On September 3, 1982, Smiles wrote a check on the closed account in the amount of $156.15 payable to the order of Montgomery Ward. The check was given in payment for a portable stereo purchased by Smiles. The store clerk, who sold Smiles the stereo and watched as Smiles wrote the check in question, remembered Smiles as the one from whom he received the check. The day after Smiles purchased the stereo, he returned it to the store and received a cash refund of the purchase price.

On appeal, Smiles asserts that the evidence failed to show that he knew his account with First Security was closed, or that the account did not have sufficient funds to pay the check in question. He contends that, therefore, the trial court erred by failing to grant his motion for acquittal at the close of all the evidence.

■ Smiles is correct that one of the elements of the offense of passing a bad check is knowledge that the check will not be paid.[2] The jury was so instructed and, by finding Smiles guilty, determined "that

---

1. Unless indicated otherwise, all references to statutes are to RSMo 1978.

2. § 570.120.

at the time the defendant (Smiles) passed such check he knew it would not be paid."[3] The question is, therefore, whether the evidence presented was sufficient so as to have permitted reasonable individuals to conclude that Smiles knew, at the time the check was passed, that it would not be paid. *State v. Wilson*, 645 S.W.2d 372, 373 (Mo.1983); *State v. Turner*, 631 S.W.2d 695, 696 (Mo.App.1982).

■ The activity in Smiles' account from May to September, 1982, demonstrates that Smiles could not have reasonably believed that the check in question would be paid. His account never had a balance of more than $100. From time to time during July and August, overdrafts occurred which were followed by small deposits. On August 16, the account was closed by the bank "due to an overage of insufficient funds charges and continuing negative balances." The closing of the account followed a transfer by First Security of $34 to this account from another account "to balance this account out to zero."

On September 3, Smiles gave his check in the amount of $156.15 to Montgomery Ward. The stereo purchased for that amount was returned the day following its purchase for a cash refund.

From these circumstances, it can reasonably be inferred that Smiles knew, on the day he wrote the check, that his account at First Security had a balance of less than $156.15 and, therefore, knew that the check would not be paid.

The evidence of knowledge that the check would not be paid is circumstantial. It is, nevertheless, clear. The facts and circumstances proven as to this issue are consistent with each other and with the hypothesis of guilt, and point clearly and satisfactorily to guilt so as to exclude every reasonable hypothesis of innocence. *State v. Snyder*, 502 S.W.2d 339, 341 (Mo. 1973).

A submissible case was made. Reasonable individuals could conclude that Smiles knew the check would not be paid. It was not error to deny the motion for acquittal at the close of all evidence.

■ The final point on which Smiles relies asserts that error was committed by the trial court when records from First Security were admitted into evidence showing other insufficient charges to his account not related to the check in question. Smiles contends this was evidence of prior bad acts and of conduct similar to that charged and that it prejudiced him before the jury. He asserts that the evidence was not relevant to the pending charge. He relies on *State v. Klosterman*, 471 S.W.2d 175 (Mo.1971).

This reliance is misplaced.

In *Klosterman*, a defendant was charged with having given a "no funds" check. The trial court permitted the state to introduce into evidence records from a bank other than the one upon which the "no funds" check was drawn showing that the defendant had issued insufficient funds checks on the other bank. The Supreme Court held this to be error because, under the facts in *Klosterman*, the state failed to show that the issuance of insufficient funds checks on the other bank "were similar offenses or that criminal agency attached to them." *State v. Klosterman, supra*, at 177.

The records admitted in evidence against Smiles were from only one account in one bank. The account was the same account upon which the check in question was drawn. Those records had a bearing on the intent of Smiles to commit a criminal act and upon his knowledge regarding whether the check would be paid. They were relevant to the charge which was tried. It was not error to admit those records, even though they contained evidence of other possible criminal acts.

---

3. MAI–CR2d 24.30.1.

*State v. Baity,* 494 S.W.2d 425, 428–429 (Mo.App.1973).

The judgment is affirmed.

GREENE, P.J., and PINNELL, Special Judge, concur.