STATE of Missouri, Respondent,

v.

Carole KALAGIAN, Appellant.

No. 60047.

Missouri Court of Appeals,
Eastern District,
Division Three.

June 2, 1992.

---

Melinda Kay Pendergraph, Columbia, Jeannie Arterburn, St. Louis, for appellant.

William L. Webster, Atty. Gen., Breck K. Burgess, Asst. Atty. Gen., Jefferson City, for respondent.

STEPHAN, Judge.

Carole Kalagian appeals from her conviction in a jury trial of passing a bad check, Section 570.120, RSMo Cum.Supp.1991. The trial court sentenced her to a $5,000.00 fine. We affirm.

In March 1990, appellant engaged the service of Lewie, Inc., which was operated by Mary Wade Heston and Cynthia Lewis, to type a research paper appellant had prepared. She picked up her order on April 1, 1990, and paid for the order with a check in the amount of $200.00. The check was drawn upon a United Postal Savings Association account which had been opened jointly in the names of both appellant and her husband, Gary Kalagian. The check, however, was returned to Lewie, Inc., because appellant's bank records showed that the account had been closed for some ten months.

After receiving notice that the check had not been paid, Lewis contacted appellant by telephone to try to resolve the matter. Appellant told Lewis that she would call the bank and contact Lewis later that day. Appellant did not call back. Heston, thereafter, contacted appellant and arranged a meeting with her. Appellant, however, did not appear at the designated time and place. Heston, therefore, again contacted appellant. Appellant told Heston that she had been "held up" and would come by the following evening. Appellant never arrived. Heston and Lewis then tried leaving messages on appellant's answering machine, but their calls were not returned. Appellant's telephone line was then disconnected. Heston, thereafter, sent a letter to Kalagian requesting remittance of the $200.00 typing fee plus the returned check fee. When Heston and Lewis received no response to the letter, they contacted the police.

Detectives Haman and Klobe were assigned to the case. Both officers testified that they went to the Kalagian home sometime in early May. As the detectives approached the house in the evening, the house lights, which had been on, were

turned off. Both detectives heard people inside the house. However, when the detectives announced themselves, no one responded. The detectives then drove down the street, parked and observed the house. After a short time, the detectives saw a woman walking towards the Kalagian home. They approached the woman and began talking with her. The woman identified herself as Kalagian's daughter. The detectives gave Kalagian's daughter a business card and asked her to have Kalagian give them a call. The next day, Kalagian called Detective Haman. Detective Haman informed Kalagian that he wanted to talk to her about a bad check case. Kalagian responded that she wanted to contact her attorney before she spoke with police.

On June 6, 1990, another detective, Detective Rask, arrested appellant, read appellant her *Miranda* rights and informed her of the charge against her. Appellant responded that she remembered the incident and that she understood the case would be dismissed if she paid the check. Subsequently, the case went to trial and a jury found appellant guilty of passing a bad check.

Appellant's first point declares that the trial court erred in admitting appellant's monthly bank statements into evidence. She argues that because the statements listed other checks as uncollectible, due to insufficient funds, the statements are evidence of unrelated crimes and, therefore, should have been excluded. Appellant further argues that the statements were not relevant to the prosecution's case.

■ In general, evidence of other crimes is inadmissible. *State v. Mallett*, 732 S.W.2d 527, 534 (Mo. banc), *cert. denied*, 484 U.S. 933, 108 S.Ct. 309, 98 L.Ed.2d 267 (1987). However, such evidence may be admitted when it has a tendency to prove the defendant's guilt in the crime charged. *State v. Kenley*, 693 S.W.2d 79, 81 (Mo. banc 1985), *cert. denied*, 475 U.S. 1098, 106 S.Ct. 1500, 89 L.Ed.2d 900 (1986). Thus, the evidence becomes admissible when it tends to prove motive, intent, absence of mistake or accident, common scheme or plan, or identity. *Id.* The trial court must

determine whether the potential prejudice engendered by the evidence outweighs its relevance. *Id.* This determination lies within the sound discretion of the trial court. *Mallett*, 732 S.W.2d at 534.

■ Here, the prosecutor introduced bank statements which contained evidence of other insufficient fund debits. He, however, introduced these statements to prove appellant intended to write a bad check since her account had been closed for ten months. A similar situation arose in *State v. Smiles*, 723 S.W.2d 65, 67 (Mo.App.1986), wherein the court upheld the admission of monthly bank statements. The court reasoned that the records were only from one account, in one bank, and that the account was the same account upon which the check in question was drawn. The court held:

> Those records had a bearing on the intent of [the defendant] to commit a criminal act and upon his knowledge regarding whether the check would be paid. They were relevant to the charge which was tried. It was not error to admit those records, even though they contained evidence of other possible criminal acts.

*State v. Smiles*, 723 S.W.2d at 67.

Just as the admission of the records was upheld in *Smiles*, we, likewise, hold that the statements here were properly admitted. The trial court did not abuse its discretion in determining the probative value of the bank statements outweighed any prejudicial effect. Appellant's first point is, therefore, denied.

Appellant's second point asserts that the testimony of Heston and Lewis regarding their subsequent efforts to collect the funds should have been excluded. She argues that their testimony was both irrelevant and prejudicial.

■ The State has correctly observed that this issue has not been properly preserved for appeal. Defense counsel objected to Heston's testimony on this point only after she had answered several questions relating to her subsequent collection efforts. Thus, the objection was not timely.

*State v. Delgado,* 774 S.W.2d 549, 551 (Mo. App.1989). The one objection made to the testimony of Lewis on this point referred only indirectly to subsequent collection efforts. We, therefore, examine the issue for plain error. Rule 30.20. The defendant bears the burden of showing that an alleged error rises to the level of plain error. *State v. Vanzandt,* 809 S.W.2d 881, 883 (Mo.App.1991). This burden is greater than mere prejudicial error, requiring a showing that a manifest injustice or a miscarriage of justice will inexorably result if left uncorrected. *Id.* Appellant has failed to carry this burden.

▪ The State was required to show that appellant passed a bad check with intent to defraud. Section 570.120, RSMo Cum. Supp.1991. Subjective intent usually must be proved by circumstantial evidence. *State v. Davis,* 675 S.W.2d 652, 656 (Mo. App.1984). To this end, events both before and after the commission of a charged crime are relevant if they relate to the elements of the charged crime. *State v. Hemphill,* 699 S.W.2d 83, 85 (Mo.App. 1985). Appellant's failure to pay, despite efforts to collect the money, indicates that at the time she wrote the check, appellant did not intend to pay her bill. While we recognize that "[e]vidence as to intent at subsequent points ... is irrelevant," *State v. Watson,* 672 S.W.2d 701, 705 (Mo.App. 1984), the testimony here was offered as circumstantial evidence of appellant's intent at the time the check was written and is, therefore, admissible. Appellant's second point is denied.

▪ Appellant's third point claims that the trial court erred in admitting the testimony of Detectives Haman and Klobe regarding their visit to appellant's home. She argues that evidence that the lights were turned off, people were heard inside and nobody answered the door is both prejudicial and irrelevant. We are again confined to plain error review because appellant failed to raise this issue in her motion for a new trial. *State v. Wright,* 810 S.W.2d 86, 89 (Mo.App.1991). Appellant has again failed to carry this difficult burden.

Evidence that a defendant avoided arrest is admissible as indicating a consciousness of guilt. *State v. Stillions,* 689 S.W.2d 96, 99 (Mo.App.1985). In this case, the evidence shows the occupants of the house were avoiding the police. Appellant argues that the evidence was not sufficiently connected to her because the detectives did not directly observe appellant. We hold that, because this was appellant's home, the jury was entitled to infer that appellant was in the house and that she was attempting to avoid arrest. The trial court was within its discretion in allowing the jury to consider this testimony. The point is denied.

▪ Appellant's fourth point states that certain testimony by Detectives Haman and Rask constituted irrelevant hearsay. We note, in passing, that appellant's motion for a new trial does not raise the issue of hearsay. We are, therefore, again confined to plain error review. Plain error review should be used sparingly and not as a means for reviewing every error not preserved at trial. *State v. Valentine,* 646 S.W.2d 729, 731 (Mo.1983).

▪ Appellant maintains that Detective Haman should not have been permitted to testify about appellant's desire to speak with an attorney before speaking with police. Appellant claims that this is hearsay. The State argues that the testimony was offered only to explain the later conduct of the police, not as proof of appellant's guilt, and that, therefore, the testimony is not hearsay. The State's argument is unpersuasive. Detective Haman ended his testimony with appellant's statements. No attempt was made by the State to connect those statements with specific police actions.

However, the admission of these statements does not amount to plain error. Notwithstanding Detective Haman's testimony, the jury had ample evidence upon which to rest a conviction. We do not believe that Detective Haman's testimony "had such a decisive effect on the jury as to come within the purview of the plain error rule." *State v. Valentine,* 646 S.W.2d at 731. Therefore, we cannot con-

clude that the prejudicial effect of the testimony created a manifest injustice.

■ Appellant also contends that Detective Rask's testimony, that appellant remembered the incident and that the case would be thrown out of court if she paid the check, is irrelevant hearsay. We first note that appellant's statements could be construed as an admission that she intentionally wrote a bad check but believed she could avoid prosecution by belatedly paying the check. The admissions of a criminal defendant are direct evidence of his guilt. *State v. Sumowski*, 794 S.W.2d 643, 646 (Mo. banc 1990). Accordingly, we hold that these statements are both relevant and fall within a hearsay exception. We find no error, plain or otherwise, in the admission of Detective Rask's testimony. Appellant's fourth point is denied.

Appellant's fifth point asserts that the trial court abused its discretion by not granting a mistrial when Detective Klobe implied that appellant had been arrested for an unrelated incident. Appellant argues that this evidence was irrelevant, contrary to her motion in limine and so highly prejudicial that a mistrial was the only way to cure the negative impact of the testimony.

■ A motion for mistrial is subject to the sound discretion of the trial court. *State v. Lee*, 654 S.W.2d 876, 879 (Mo. banc 1983). Ordinarily, the court cures errors in the admission of testimony by instructing the jury to disregard the offending testimony, rather than by declaring a mistrial. *State v. Laws*, 668 S.W.2d 234, 238 (Mo. App.1984). The declaration of a mistrial is a drastic remedy and should be granted only in extraordinary circumstances. *State v. Gilmore*, 681 S.W.2d 934, 943 (Mo. banc 1984).

■ In this case, the objected-to testimony was as follows:

Q: [Prosecutor] Where did you meet [appellant] after she was arrested?
A: [Detective Klobe] In the Area I Police Station.
Q: Did anything happen on that occasion?

A: I wasn't involved in that case. It was a different incident. Another officer had her in the office.

Counsel for the defense then asked for a mistrial or, in the alternative, for an instruction that the jury disregard the last answer. The court denied the mistrial but gave the requested instruction. We find no abuse of discretion in the trial court's decision.

As in *State v. Crawford*, 619 S.W.2d 735, 740 (Mo.1981), a possible inference in this case is that the defendant had been arrested (not necessarily convicted) for some other offense. No mention was made of the nature of the other charge. The officer's statement was volunteered and there is no evidence of a conscious effort on the part of either the prosecutor or the witness to inject unfair prejudice into the trial. Furthermore, unlike *Crawford*, the court here issued an instruction to disregard. The court took great pains to be sure that the remedy satisfied defense counsel before proceeding. Under these circumstances, we conclude that the trial court did not abuse its discretion by refusing to grant a mistrial. Point denied.

Appellant's sixth and final point challenges the sufficiency of the evidence. Appellant asserts that the State did not establish, beyond a reasonable doubt, that appellant knew that the account was closed or that the check would not be paid. She contends that because the account was held jointly, the most the State has shown is that appellant was negligent in failing to ascertain the condition of the joint account. We disagree.

■ In determining the sufficiency of the evidence we accept as true all the evidence tending to prove the defendant's guilt. *State v. Meyer*, 694 S.W.2d 853, 855 (Mo.App.1985). We consider all reasonable inferences favorable to the verdict and disregard any evidence or inferences to the contrary. *Id.* We then must decide whether under those conditions a reasonable jury could have found the defendant guilty of the charged crime. *State v. Aldrich*, 724 S.W.2d 688, 692 (Mo.App.1987).

Appellant concedes that subsection 2 of Section 570.120, RSMo Cum.Supp.1991, creates a presumption that a defendant who has no account with the bank at the time the check is written has a purpose to defraud and has knowledge that the check will not be paid. *Aldrich,* 724 S.W.2d at 692. Appellant maintains that the State did not rely on this presumption in presenting its case and so is not entitled to use the presumption in defending a sufficiency claim. Appellant has failed to recognize that the State may choose to rely on actual evidence to prove intent or knowledge. *Id.* Furthermore, because subjective mental states are rarely capable of direct proof, the actual evidence the State relies upon may be circumstantial. *Id.*

 Here, there is ample evidence of appellant's intent. The ten months of inactivity in the account tends to show appellant's knowledge of the account's status. Appellant's failure to respond to telephone calls or to arrive at the scheduled meeting shows fraudulent intent. Appellant's own statements constitute an admission of knowledge and intent. Therefore, a reasonable jury could conclude that appellant did not intend to pay for her typing project. Appellant's final point is denied.

The judgment of the trial court is affirmed.

PUDLOWSKI, P.J., and CRIST, J., concur.