STATE of Missouri, Plaintiff–
Respondent,

v.

Clinton Thomas WHITE, Defendant–
Appellant.

No. 18113.

Missouri Court of Appeals,
Southern District,
Division One.

July 7, 1993.

---

James D. McNabb, Marshfield, for defendant-appellant.

Charles J. Fain, Asst. Pros. Atty., Taney County, Forsyth, for plaintiff-respondent.

PARRISH, Chief Judge.

Clinton Thomas White (defendant) was found guilty by a jury and convicted of criminal nonsupport, a class A misdemean-

or. Section 568.040.[1] He was sentenced to county jail confinement for a term of 90 days. Section 558.011.1(5). This court affirms.

Defendant does not contest the sufficiency of the evidence. He directs his points on appeal to statements made by the prosecuting attorney during closing argument. The facts that follow summarize the evidence that supports the verdict, *State v. Wood*, 596 S.W.2d 394, 400 (Mo. banc 1980), and the remarks in the closing argument about which defendant complains.

Defendant is the father of two unemancipated children, a son[2] who was 18 years old and a daughter who was 10 years old at the time of trial. In September 1990, defendant told the children's mother, his former wife, that he would not give her "another penny" for support of the children. From that time until June 1991, he paid nothing for their support. She believed, however, that he was employed. She testified:

[H]e was always in a newer model vehicle. And I asked him where he got them, and he said, "For the company that I work for."

The vehicles had dealer license plates.

Defendant and his present wife purchased a house with 11 acres of land in May 1991. They paid $10,000 down payment.

The children's mother asked defendant about "paying some back child support." She testified, "His answer was that he wouldn't leave me alone until I gave up my daughter."

During closing argument, the prosecuting attorney told the jury:

I don't know how else to say it otherwise—he's a liar. He's a liar. He's a deadbeat. I don't say that lightly.

And,

Tomorrow morning, at least in Taney County—I'm sorry. Saturday morning

---

1. References to statutes are to RSMo Supp.1990.

2. The children's mother testified that the son became emancipated July 1, 1991, after criminal charges were filed.

in Taney County is when the paper comes out—we're going to have a headline and it's either going to say, "Jury Turns White Loose"—

In both instances defendant objected and moved for mistrial. The trial court sustained each objection and denied each motion for mistrial.

Defendant's first point on appeal is directed to the trial court's failure to declare a mistrial after the prosecuting attorney told the jury that defendant was a liar and a deadbeat. Defendant argues that the trial court erred by not declaring a mistrial; that he was prejudiced by the prosecuting attorney's wrongful conduct.

Defendant correctly points out that a prosecuting attorney's duties include more than seeking convictions in criminal cases.

> It is axiomatic that an accused is entitled to a fair trial and that it is the duty of the prosecutor to see that he gets one. When argument goes beyond bounds so as to excite and inflame passion or prejudice, the argument is error. It is however, equally well settled that the trial court has wide discretion in ruling on closing argument and in determining whether a comment is prejudicial.
>
> A conviction will be reversed for improper argument only if it is established that the argument or the comments had a decisive effect on the jury verdict or that the trial court abused its discretion.

*State v. Long,* 768 S.W.2d 664, 666 (Mo. App.1989) (citations omitted).

The trial court determined that the argument was improper. It sustained defendant's objection. In making the objection, defendant's attorney further asked the tri-al court to instruct the prosecuting attorney "not to call the Defendant names." The trial court's response was, "Your objection will be sustained. Mr. Prosecutor, don't call the Defendant names." After that, defendant's attorney added, "Your Honor, I would also ask for the relief of a mistrial. I think it's ... appropriate in this case." The request for mistrial was denied.

The trial judge apparently concluded that this was not a case in which the nature of the offense charged and the evidence adduced warranted the prosecutor's attempt to assign labels to defendant;[3] that the labels the prosecuting attorney attempted to use went beyond the bounds of permissible argument. By sustaining the objection, but denying the request for mistrial, the judge obviously concluded that the admonishment he gave to the jury, at defendant's attorney's request, was sufficient to thwart any otherwise prejudicial effect of the argument.

■ A trial court is vested with wide discretion in the control of arguments to the jury. Rulings regarding closing arguments of attorneys will be reversed only for abuse of discretion when the argument was plainly unwarranted and a defendant can establish that the argument had prejudicial effect on the jury's determination of the case. *State v. Hubbard,* 659 S.W.2d 551, 558 (Mo.App.1983).

■ The trial court's opportunity to assess the effect of the prosecuting attorney's improper characterization of the defendant as a liar and a deadbeat is superior to this court's opportunity to do so based on a bare reading of the trial transcript.

---

3. *See State v. Nichelson,* 546 S.W.2d 539 (Mo. App.1977), in which a defendant was called a professional car thief when evidence disclosed that he had possessed such tools as a keymaker, dent puller and blank keys; *State v. Holiday,* 572 S.W.2d 178, 179 (Mo.App.1978), in which it was argued that a defendant operated "in a 'professional manner'" where he possessed and utilized a puncher to gain access to and steal a car, had title forms, a notary seal for title transfer and torches and equipment that could be used to alter a car's appearance and change its serial numbers; *State v. Taylor,* 508 S.W.2d 506, 514 (Mo.App.1974), in which a defendant was called a "pusher" when there was evidence that the defendant sold heroin; and *State v. Dooley,* 549 S.W.2d 677, 681 (Mo.App.1977), in which a defendant was called "a drug dealer" when there was evidence that controlled substances had been obtained through his efforts and he was charged with sale of a controlled substance.

*See State v. Vineyard,* 839 S.W.2d 686, 692 (Mo.App.1992). This court does not find that the prosecuting attorney's comment had a decisive effect on the jury verdict or that the trial court abused its discretion in denying defendant's request for mistrial. Point I is denied.

Defendant's second point contends that the trial court erred by not declaring a mistrial "when the prosecuting attorney asked the jury to visualize a newspaper headline if they failed to convict the defendant." Defendant asserts that the argument was improper in that it "appeal[ed] to matters not for the jury" and thereby prevented defendant from receiving a fair trial.

Defendant's characterization of the prosecuting attorney's argument as asking the jury "to visualize a newspaper headline if they failed to convict the defendant" is not entirely accurate. The prosecutor's statement suggesting that there would be a headline was followed with, "and it's either going to say, 'Jury Turns White Loose'—," at which time defendant's attorney posed an objection. Presumedly, the prosecuting attorney intended to state an alternative headline in the event the jury reached another result. Regardless, defendant's second point complains that the statement was an invitation to the jury "to base their verdict on how well it would be received by the media or public." He complains that the statement "wrongly [told] the jury that this was a case of some great importance that was not disclosed by the evidence."

Defendant cites only *State v. Olds,* 603 S.W.2d 501 (Mo. banc 1980), in support of his second point. He correctly characterizes *Olds* as supporting the proposition, "While it is proper to argue that a message may be sent to the community by their verdict, it is not proper to personalize or argue that the jurys [sic] families might be endangered by their verdict."[4] *Olds* states:

**4.** This court did not discern anything in the prosecuting attorney's argument that personalized this case to the jury or that implied a threat

It is permissible for the State to argue the necessity for law enforcement and ask for a severe penalty as a deterrent to others, *State v. Raspberry,* 452 S.W.2d 169 (Mo.1970); and to argue both the prevalence of crime in the community and for the personal safety of its inhabitants, *State v. McKinney,* 475 S.W.2d 51 (Mo.1971); and that conviction of defendant is part of the jury's duty to prevent crime, *State v. Wright,* 515 S.W.2d 421 (Mo. banc 1974). The prosecutor is accorded latitude in these areas and is further permitted to urge the jury to consider what conditions will result in society upon failure to uphold the law. *State v. Elbert,* 438 S.W.2d 164 (Mo.1969).

603 S.W.2d at 511.

Defendant's attorney objected to the prosecutor's "newspaper headline" argument. The trial court sustained the objection. Defendant's attorney then requested a mistrial. That request was denied. After the request for mistrial was denied, defendant's attorney asked the trial court to grant further relief. He asked "that the jury be instructed to disregard any—any comments that the Prosecutor has made about newspaper articles." The trial judge then told the jury, "Court instructs the jury to disregard any comment that—that the Prosecuting Attorney made in regard to the newspaper."

■ Ordinarily a trial court cures errors in matters presented to the jury by instructing the jury to disregard the offending matter. *State v. Kalagian,* 833 S.W.2d 431, 435 (Mo.App.1992). "The declaration of a mistrial is a drastic remedy and should be granted only in extraordinary circumstances." *Id.*

Whether a mistrial should be declared rests largely within the discretion of the trial court, *State v. Purnell,* 621 S.W.2d 277, 283 (Mo.1981); *[State v.] O'Neal,* 618 S.W.2d [31] at 35 [ (Mo.1981) ], be-

to the jury or to members of the jury's families. *Compare State v. Harris,* 714 S.W.2d 561, 563 (Mo.App.1986).

921

cause the trial court observes the incident that precipitates the request for a mistrial and is in a better position than is the appellate court to determine what prejudicial effect, if any, the incident has on the jury, *id.; State v. Reynolds,* 608 S.W.2d 422, 427 (Mo.1980); *[Kansas City v.] LaRose,* 524 S.W.2d [112] at 120 [ (Mo. banc 1975) ]. The trial court's decision whether to grant a mistrial will not be disturbed in the absence of an abuse of discretion. *See O'Neal,* 618 S.W.2d at 35.

*State v. Davis,* 653 S.W.2d 167, 176 (Mo. banc 1983).

█ The trial court complied with defendant's request to instruct the jury to disregard the prosecuting attorney's remarks. This court finds no abuse of discretion in not declaring a mistrial. Defendant's second point is denied. The judgment and sentence is affirmed.

CROW, P.J., and SHRUM, J., concur.