STATE of Missouri, Respondent,

v.

Wallace CARSON, Appellant.

Wallace CARSON, Movant–Appellant,

v.

STATE of Missouri, Respondent.

Nos. 63709, 65356.

Missouri Court of Appeals,
Eastern District,
Division Four.

Sept. 6, 1994.

Motion for Rehearing and/or Transfer to Supreme Court Denied Sept. 28, 1994.

Deborah B. Wafer, Dist. Defender, St. Louis, for appellant.

Jeremiah W. (Jay) NIxon, Atty. Gen., Michelle A. Freund, Asst. Atty. Gen., Jefferson City, for respondent.

KAROHL, District Judge.

Wallace Carson was convicted after a jury trial of robbery in the second degree, § 569.-030 RSMo 1986, and willfully failing to appear, § 544.665 RSMo 1986. We have consolidated his direct appeal with an appeal of denial of his Rule 29.15 motion. We affirm.

On March 8, 1992, Terri Kizer was walking along Lucas Street in Laclede's Landing. Defendant hit Kizer, shoved her to the ground and took her purse. An off-duty police officer, David Farrell, saw defendant push Kizer and grab her purse. Officer Farrell chased defendant to defendant's vehicle and arrested him for robbery.

On April 21, 1992, defendant signed a bail bond promising to personally appear before the Circuit Court of St. Louis for trial on August 31, 1992. On September 2, 1992, the court ordered a capias warrant to issue for defendant's failure to appear on August 31, 1992. On October 24, 1992, defendant was arrested on the capias warrant for robbery in the second degree.

At trial, the jury found defendant guilty of robbery in the second degree and willfully failing to appear. The court sentenced defendant to serve eight years imprisonment for robbery in the second degree and a consecutive two years on willfully failing to appear.

Defendant timely filed a Rule 29.15 motion and a first amended motion. He requested an evidentiary hearing. The court scheduled an evidentiary hearing for November 18, 1993. Defendant refused the hearing and requested the court rule on the issues based on the trial record.

Defendant's first of two points on direct appeal is the trial court erred in overruling his motion for a mistrial on the grounds of prosecutorial misconduct. Defendant argues the misconduct occurred during cross examination of Officer Farrell. Defendant attempted to impeach Farrell with his police report. The prosecutor commented that he had no objection to admitting the report into evidence. The court sustained defendant's objection to the admission of the report. Later, during recross examination of Farrell, the prosecutor stated, "I'd offer [the police report] into evidence, since we're talking so much about the police report." The court denied defense counsel's request for a mistrial, but granted the request that the jurors be instructed to disregard the prosecutor's statements. The court gave the following instruction:

> Ladies and gentlemen, I have sustained defendant's objection concerning any offer of the entire police report into this trial. It's not part of this trial. You are to ignore that statement. Strike it from your minds. Let us proceed.

■ A motion for mistrial lies within the trial court's sound discretion and will not be disturbed on appeal absent an abuse of discretion. *State v. Williams,* 853 S.W.2d 371, 376 (Mo.App.E.D.1993). The declaration of a mistrial is a drastic remedy, and ordinarily a

trial court cures errors in matters presented to the jury by instructing the jury to disregard the offending matter. *State v. White*, 856 S.W.2d 917, 920 (Mo.App.S.D.1993).

■ The trial court's failure to declare a mistrial on these facts was not an abuse of discretion. The trial court sustained defense counsel's objection to admitting the police report and issued a curative instruction. We find no error and no prejudice. Point denied.

Defendant also appeals denial of his 29.15 motion, which alleged ineffective assistance of counsel. Defendant argues counsel was ineffective for 1) failure to object to the prosecutor's reference to defendant as a "thug and bully" during closing argument; and 2) failure to preserve defendant's timely objection to "the prosecutor's attempts to deputize the jury in closing argument" by not including the objection in the motion for a new trial. We reject these claims of error.

■ Appellate review of denial of a 29.15 motion is limited to a determination of whether the findings, conclusions and judgment of the motion court were clearly erroneous. Rule 29.15(j). To establish a claim for ineffective assistance of counsel, defendant must prove his counsel's performance was deficient and the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Sanders v. State*, 738 S.W.2d 856 (Mo. banc 1987).

■ We reject the first prong of defendant's claim of ineffective assistance of counsel for several reasons. First, defendant made no effort to prove his counsel's performance prejudiced his defense. He declined to participate in a scheduled hearing, and the motion court found no prejudice based on its review of the trial record. Defendant must but did not prove prejudice. Second, the reason defense counsel failed to object to prosecutor referring to defendant as a "thug and bully" is not obvious from the record. As a general rule, a failure to object during closing argument is more likely a function of trial strategy than of error. *State v. Boyd*, 844 S.W.2d 524, 529 (Mo.App.E.D.1992). Finally, the charge and proof of the robbery

supported the prosecutor's reference to defendant as a "thug and bully." These terms were linked to the charged criminal conduct. Defendant relies on a homicide case in which, during closing argument, the prosecutor referred to defendant as a "mass murderer" and "serial killer." *State v. Whitfield*, 837 S.W.2d 503 (Mo. banc 1992). However, *Whitfield* is not controlling because the evidence in that case did not support the prosecutor's characterization of the defendant, whereas the evidence in the present case did. Here, the victim testified she was "jerked back real quick," hit in the back, and shoved to the ground. This conduct is the work of a thug and bully.

We also reject the second prong of defendant's claim of ineffective assistance of counsel. Defendant's claim concerns the following portion of the prosecutor's closing argument:

> (Prosecutor): Here's a young man, twenty-four years old, who's getting involved, trying to help out, runs after, sees this defendant at the time of robbery, sees him a minute later as Officer Farrell's chasing him to the car, and he gets involved, and I'm asking you to send a message to Keenan to say, "It's all right to get involved."
>
> (Defense counsel): Objection, improper argument.
>
> (The court): Overruled.
>
> (Prosecutor): It's all right to get involved. It's all right when you see a total stranger being mugged on the street to get involved and to help out. That's what our city is about. People coming to the help of other people to fight crime, to fight folks that come over from anywhere, whether they're in our city or on the East side and saying, "We have enough of this crime."

■ Prosecutors are permitted wide latitude in closing arguments. *State v. Newlon*, 627 S.W.2d 606 (Mo. banc 1982). During closing argument, a prosecutor may comment on the prevalence of crime in the community and the personal safety of its inhabitants. *State v. Clemmons*, 753 S.W.2d 901 (Mo. banc 1988). Thus, the prosecutor's comments were within permissible limits. Defendant was not prejudiced by defense coun-

sel's failure to include in the motion for a new trial the objection to these comments. Point denied.

Defendant's final claim of error concerns the reasonable doubt instruction. This matter has been consistently rejected on the authority of *State v. Griffin*, 848 S.W.2d 464 (Mo. banc 1993).

We affirm.

AHRENS, P.J., and SIMON, J., concur.